[Civ. No. 68278. Second Dist., Div. Four. Aug. 15, 1983.]

MATTHEW WAX, Plaintiff and Respondent, v.
JOSEPH INFANTE et al., Defendants and Appellants.

## COUNSEL

Lloyd D. Robinson and Garry S. Shay for Defendants and Appellants.

Levine, Krom & Unger and Tina S. Schuchman for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—This is the second installment of the dispute between the parties over an alleged debt owed by defendants to plaintiff. That dispute was purportedly settled by an agreement under which defendants executed a confession of judgment in favor of plaintiff. Plaintiff sued and recovered judgment on that confession. Defendants moved to set aside that judgment and the motion was denied. On appeal, this court reversed the order, holding that the confession of judgment was void as in violation of subdivision (b) of section 1132 of the Code of Civil Procedure. (*Wax* v. *Infante* (1982) 138 Cal.App.3d 138 [187 Cal.Rptr. 686].)

While that appeal was pending in this court, defendants brought a second motion in the trial court, alleging that it was based on newly discovered evidence not available at the time of the first motion. The trial court held that there was no new evidence and that the second motion was a mere attempt to reconsider the first ruling, then on appeal. The court both denied the second motion and assessed against defendants and their then attorney a penalty, under section 907 of the Code of Civil Procedure, of $900. That sum was paid to plaintiff by a check from defendant's counsel.[1] Since the order herein attacked was against the attorney and appellants jointly, the payment by the attorney satisfied the order.[2] There is now nothing remaining for appellants to do. The case is moot and must be dismissed.

---

[1]Since the fact of that payment did not appear in the clerk's transcript or the superior court file, we took evidence of the payment pursuant to section 909 of the Code of Civil Procedure. Appellants have not challenged the making and receipt of the attorney's payment.

[2]Section 1474 of the Civil Code provides: "Performance of an obligation, by one of several persons who are jointly liable under it, extinguishes the liability of all."

■ Contending that the present appeal was frivolous, respondent asks us to impose a penalty for a frivolous appeal. As required by *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], we issued to counsel for appellant an order to show cause to show why a penalty should not be imposed. The response to that order was merely that because counsel thought that the attorney could not appeal from the order involved, an appeal by the clients was the only remedy to attack the order. Of course, since the order ran against the attorney as well as the clients, the attorney could have appealed. Had *he* appealed for himself, it is correct to say that he could have sought review even if he had satisfied the order. But the attorney did not appeal for himself; the notice of appeal lists only the clients as appellants; since the order has, by the attorney's payment, relieved them from any risk of attempt to collect, their appeal, as we have held, is moot.

We note that the notice of appeal was filed on August 9, 1982, while the payment by counsel was not made until January 10, 1983. Thus the appeal, when filed, was not frivolous; but once the payment was received, it became the duty of appellants and their counsel, promptly to dismiss and not put respondent, his counsel, and this court to the time and expense of reviewing an appeal that had become moot and not to persist in a frivolous return to our order to show cause. It is undisputed that respondent has incurred over $1,500 in fees and expenses. We conclude that a reasonable and modest penalty to impose on appellants is the sum of $1,000.

The appeal is dismissed. On remittitur, the trial court shall impose on appellants, in addition to the normal costs on appeal, the sum of $1,000 as a penalty for the frivolous prosecution of this appeal.

McClosky, J., and Amerian, J., concurred.