[Civ. No. 68607. Second Dist., Div. Five. May 29, 1984.]

JOSE LUIS HUIZAR, Plaintiff, v.
ABEX CORPORATION, Defendant, Cross-complainant and Appellant;
ADVANCED HYDRAULICS, INC.,
Defendant, Cross-complainant and Appellant.

536

COUNSEL

Martin & Stamp and Calvin D. Bayles for Defendant, Cross-complainant and Appellant Abex Corporation.

Mark D. Rutter and Buck, Molony, Nimmo & Ammirato for Defendant, Cross-complainant and Appellant Advanced Hydraulics, Inc.

OPINION

STANTON, J.*—

STATEMENT OF THE CASE

Plaintiff, Jose Luis Huizar, commenced a personal injury action against Abex Corporation/Denison Division (hereinafter Abex) and Advanced Hydraulics, Inc., (hereinafter Advanced) alleging he had sustained injuries as a result of a defective punch press. Advanced, the distributor of the punch press, and Abex, the manufacturer of the punch press, then filed cross-complaints against one another seeking, among other things, indemnity.

*Assigned by the Chairperson of the Judicial Council.

Thereafter, Abex entered into a settlement with plaintiff and the workers' compensation carrier, Commercial Union Assurance Companies, and moved for a good faith settlement determination. The trial court, over the objection of Advanced, determined the settlement was made in good faith and ordered the dismissal of the cross-complaint of Advanced.

Subsequently, Advanced settled with plaintiff, and moved for a good faith settlement determination. The trial court determined the settlement was made in good faith and ordered the dismissal of the cross-complaint of Abex.

Advanced and Abex each filed a timely notice of appeal from the dismissal of their respective cross-complaints and from the good faith settlement determination made in favor of the other.

### STATEMENT OF FACTS

It is conceded by the parties that Abex manufactured and that Advanced distributed to plaintiff's employer a certain punch press, which cycled with resultant injuries to plaintiff's right hand. In their respective cross-complaints, Abex and Advanced each asserted, among other things, claims against the other for partial or comparative indemnity based on comparative negligence or comparative fault. In addition, Advanced sought total indemnification on the basis of alleged implied and expressed warranties, and, also, on the theory of implied indemnity, alleging that any liability on its part would be premised solely upon its status as a distributor of the press, i.e., that it served as a mere conduit in the chain of distribution of a defectively manufactured or designed product.

After participating in two settlement conferences with the parties, the Honorable Maurice R. Hogan, Jr., judge, expressed his opinion that plaintiff's case was worth only $150,000. Thereafter, Abex settled with plaintiff and plaintiff's workers' compensation carrier for $165,000, and $2,750, respectively, and, subsequently, Advanced settled with plaintiff for the sum of $34,500.

On their appeals to this court, Abex and Advanced, respectively, seek to have set aside the lower court's determination approving as a good faith settlement the other's compromise agreement with plaintiff. Each further seeks to have reinstated its cross-complaint against the other. In the event the relief sought herein by Advanced is denied, Abex has stated it will abandon its petition for relief herein.

# I

## Good Faith Settlement

■ The first issue to be considered is whether the lower court erred in its determination that each of the hereinabove mentioned settlements with plaintiff was made in good faith. We find that no error was committed in this respect.

■ "The party asserting the lack of good faith shall have the burden of proof on that issue." (Code Civ. Proc., § 877.6, subd. (d).) "Bad faith is not established by a showing that a settling defendant paid less than his theoretical proportionate or fair share of the value of plaintiff's case. . . .

". . . . . . . . . . . . . . . . . . . .

"The settling parties owe the nonsettling defendants a legal duty to refrain from tortious or other wrongful conduct; absent conduct violative of such duty, the settling parties may act to further their respective interests without regard to the effect of their settlement upon other defendants. [Fn. omitted.]" (*Dompeling* v. *Superior Court* (1981) 117 Cal.App.3d 798, 809-810 [173 Cal.Rptr. 38].)

A settling defendant's good faith ". . . will not be determined by the proportion his settlement bears to the damages of the claimant. For the damages are often speculative, and the probability of legal liability therefore is often uncertain or remote." (*Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231, 238 [132 Cal.Rptr. 843].)

■ Applying the foregoing rules to the facts in the instant case, we are of the opinion that neither Abex nor Advanced engaged in any tortious or other wrongful conduct with respect to the other in arriving at their respective compromise settlements with plaintiff. To the contrary, Abex alone paid plaintiff $165,000, which exceeded by $15,000 the maximum value placed upon the case by the judge who presided over the settlement conferences.

Accordingly, we affirm the determination by the lower court that the respective settlements of Abex with plaintiff and of Advanced with plaintiff were made in good faith, and neither will be set aside.

# II

## Dismissal of Cross-complaints

The next issue concerns the propriety of the dismissals by the lower court of the respective cross-complaints of Abex and Advanced against the other.

Code of Civil Procedure section 877.6, subdivision (c) provides as follows: "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor *for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.*" (Italics added.)

█ Having found proper the lower court's determination that the respective settlements of Abex and Advanced with plaintiff were made in good faith, it follows that Abex and Advanced were barred from further claims against one another ". . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." (Code Civ. Proc., § 877.6, subd. (c), *supra.*) Since Abex does not contend that its liability to plaintiff was premised solely upon any act or omission of Advanced, the lower court properly dismissed the cross-complaint of Abex in its entirety.

The issue remaining for consideration is whether the lower court erred in dismissing the cause of action in Advanced's cross-complaint against Abex seeking total indemnification.

█ In this connection, Advanced contends that, based both upon traditional common-law principles and the expressed and implied warranties it alleges arose as an incident of its purchase from Abex of the punch press, Abex owed duties to Advanced separate and independent of any duty owed to plaintiff. Advanced further claims these last mentioned duties owing by Abex existed independently of any right to partial or comparative indemnity. With these contentions, we agree.

Absent the good faith settlement determination made in the instant case, it appears clear that Advanced would be entitled to seek full indemnification from Abex and have this issue determined by a trier of fact. Traditionally, a retailer has been able to obtain complete indemnification from a manufacturer/vendor under circumstances where the retailer (without fault on its part) has become subject to liability by virtue of injury to a third person occasioned by a defectively designed or manufactured product. (See Rest.2d Torts, § 886B, com. d; Rest., Restitution, § 93(1).)

█ "The basic theory of implied indemnity is that where two persons are responsible by law to an injured person, if one is passively or impliedly negligent, he is entitled to shift the entire liability for the loss to the other party whose active negligence was the proximate and immediate cause of the loss. The basic theory is not novel. It is a shifting of the risk of loss from one upon whom it falls to the person who in justice should bear it.

[Citation.]" (*Barth* v. *B. F. Goodrich Tire Co.* (1971) 15 Cal.App.3d 137, 143 [92 Cal.Rptr. 809].)

Additionally, Advanced alleges that its purchase of the punch press from Abex was accompanied by an implied warranty of merchantability, i.e., that the punch press was ". . . fit for the ordinary purposes for which such goods [punch presses] are used; . . ." (Cal. U. Com. Code, § 2314(2)(c).) Advanced further contends that an implied warranty of fitness for a particular purpose arose in its favor pursuant to the provisions of the California Commercial Code section 2315, and that expressed warranties were created in its favor under California Uniform Commercial Code section 2313.

In California, it is established that the doctrine of implied or expressed warranty may be used to indemnify one person in the chain of distribution of a defective product for damage he has had to pay to a user injured or damaged by the product. (*Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897].)

Abex, however, counters with the contention that the doctrine of equitable or total indemnity was abolished by the Supreme Court in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899]. Abex further argues that all claims for indemnification, whether partial or total, are barred by a good faith settlement determination made pursuant to the provisions of Code of Civil Procedure section 877.6, subdivision (c). With both of these contentions, we disagree.

With reference to the suggestion by Abex that a cause of action seeking total indemnification is barred by a determination of good faith settlement under Code of Civil Procedure section 877.6, subdivision (c), *supra,* we are of the opinion that had the Legislature intended such a result, the appropriate language easily could have been incorporated in the subject statute. Instead, as written, the statute presupposes a situation involving a claim ". . . for equitable comparative contribution, or partial or comparative indemnity, based on *comparative negligence or comparative fault.*" (Code Civ. Proc., § 877.6, subd. (c), italics added.)

As to the remaining contention of Abex, we opine that had the Supreme Court in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578 intended or desired to abolish the doctrine of equitable or total indemnification, it easily could have so stated. Instead, the following language was employed: ". . . we conclude that the current equitable indemnity rule should be *modified* to permit a concurrent tortfeasor to obtain partial indem-

nity from other concurrent tortfeasors on a comparative fault basis." (Italics added, *id.*, at p. 598.)

Some three and one-half months after its decision in *American Motorcycle Assn., supra,* 20 Cal.3d 578, the Supreme Court, when faced with a situation involving comparative fault as between two defendants, stated that since liability in the case of neither defendant was solely derivative or vicarious, ". . . we have no occasion to determine . . . whether the comparative indemnity doctrine should be applied in a situation in which a party's liability is entirely derivative or vicarious in nature. [Citations.]" (*Safeway Stores, Inc.* v. *Nest-Kart* (1978) 21 Cal.3d 322, 332, fn. 5 [146 Cal.Rptr. 550, 579 P.2d 441].)

While, to date, the Supreme Court has had no occasion to pass upon the specific issue as to whether there can ever be full equitable indemnity after *American Motorcycle Assn., supra,* 20 Cal.3d 578, the reviewing court in *E. L. White, Inc.* v. *City of Huntington Beach* (1982) 138 Cal.App.3d 366, 376 [187 Cal.Rptr. 879], concluded that a vicariously liable tortfeasor may still obtain full indemnity, stating, "To conclude otherwise would counter basic 'principles of common-law indemnification between vicariously liable tortfeasors and tortfeasors guilty of the acts and omissions causing the harm. In short, the apportionment rule applies to those who in fact share responsibility for causing the accident or harm, and does not extend further to those who are only vicariously liable . . . .' [Citation.]"

In conclusion, we are of the opinion that, absent statutory authority to the contrary, justice demands total indemnity where the liability of a completely blameless party is premised solely upon the tortious act or omission of another. Accordingly, we hold that the doctrine of equitable or total indemnity continues to exist separate and distinct from that of comparative indemnity.

■ We wish to emphasize that we are not concerned in this opinion with whether the claims of Advanced for full indemnification are meritorious. We find only that Advanced is entitled to a trial on the merits with respect to such claims. Should the trier of fact find Advanced to have been actively negligent in any degree in contributing to plaintiff's injuries, the principles of comparative indemnity would apply and Advanced would be barred from obtaining any contribution from Abex.

The judgment of the lower court dismissing Advanced's cause of action seeking total indemnification is reversed and, to that limited extent, the cross-complaint of Advanced is ordered reinstated. In all other respects, the

judgment of the lower court is affirmed; costs to appellant Advanced Hydraulics, Inc.

Stephens, Acting P. J., and Hastings, J., concurred.