[No. B010979. Second Dist., Div. Five. Mar. 11, 1986.]

RONALD J. HALE, Cross-complainant and Appellant, v.
EDWARD L. LADEN, Cross-defendant and Respondent.

---

**COUNSEL**

Lloyd D. Robinson and Garry S. Shay for Cross-complainant and Appellant.

Bonne, Jones, Bridges, Mueller & O'Keefe and Peter R. Osinoff for Cross-defendant and Respondent.

**OPINION**

**EAGLESON, J.**—Under the facts of this case, we conclude that the trial court has the inherent power to dismiss a cross-complaint for equitable indemnity, without notice, when the alleged indemnitor has entered into a good faith settlement with the claimant. We also impose sanctions against appellant's attorneys for pursuing a frivolous appeal.

FACTS[1]

Hale (appellant) and Laden (respondent) are medical doctors who at the time in question were office associates in the practice of medicine.

---

[1]The referenced facts are gleaned from the briefs of the parties, which, in turn, rely on two complaints and a cross-complaint which we shall later identify.

On July 12, 1976, Singer went to see Laden complaining of a lump on his left shoulder. Laden was not available on that date and Singer was examined by Hale. Hale diagnosed the lump as a sebaceous cyst. After removing the growth, Hale performed a gross pathological examination of the mass.

Sometime later Singer called Hale, informed him of the regrowth of the lump and offered to return for another examination. Hale assured Singer that there was no need for him to be reexamined since the problem was due to the presence of scar tissue.

On July 8, 1977, Singer returned to the office and was examined for the first and only time by Laden. Laden looked at Singer's chart, concluded that Singer had a deep cyst, and offered referral to a general surgeon. Laden performed no surgery on Singer and never saw him again.

About six weeks later, another physician performed a biopsy on the lump and found it to be malignant melanoma. Singer then discovered for the first time that the original lesion removed and examined by Hale had in fact been malignant.

The cancer metastasized and Singer underwent therapy. He and his wife then filed a medical negligence action against Hale and Laden on July 19, 1978. This complaint alleged, inter alia, negligent diagnosis and treatment by both Hale and Laden. Singer later became depressed because of his physical condition and committed suicide during the pendency of that lawsuit. Thereafter, on March 19, 1980, his widow filed a wrongful death action alleging negligence against both doctors. These actions were then consolidated.[2]

On February 11, 1983, Hale filed a cross-complaint for equitable indemnification and declaratory relief against Laden. Hale acknowledged in his cross-complaint that Singer's complaints alleged negligence by both himself and Laden.

Laden entered into a $100,000 settlement with plaintiffs, which, after notice and hearing, was determined by the trial court on May 20, 1983, to have been in good faith, even though opposed by Hale.

On August 31, 1983, Laden lodged an ex parte request for an order re dismissal of cross-complaint which was signed and filed by the court on September 7, 1983. The dismissal was expressly based on the prior deter-

[2]Because there are two actions, we refer to the claimants as plaintiffs.

mination of a good faith settlement pursuant to Code of Civil Procedure section 877.6, subdivision (c).

On July 11, 1983, Hale appealed from the May 20, 1983, good faith determination. That appeal (B002483) was abandoned and on May 15, 1984, dismissed by the appellate court pursuant to rule 17(a) of the California Rules of Court.

The instant appeal is from the order of September 7, 1983, dismissing the cross-complaint. We affirm.

### DISCUSSION

### I

Hale raises two points on appeal which are inextricably intertwined. He claims first that the trial court abused its discretion in dismissing his cross-complaint without notice. He further contends that he is entitled to maintain a cross-complaint for *total* equitable indemnity against codefendant Laden notwithstanding the good faith settlement determination by the trial court. (Italics added.) We disagree.

Code of Civil Procedure section 877.6, subdivision (c) provides: "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." (See also *Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488 [213 Cal.Rptr. 256, 698 P.2d 159].)

█ Hale contends, however, that his cross-complaint seeks total equitable indemnification which enables him to maintain his action against Laden. This contention is unsupported by the record.

As we have described, plaintiffs' complaints allege negligence by both Hale and Laden. If anything, plaintiffs' allegations are stronger against Hale. He made the original misdiagnosis of the lump, removed it, examined it and subsequently advised Singer not to worry about returning for a reexamination when it reappeared. Laden saw Singer a year later and offered referral to a general surgeon without performing any procedures on Singer.

In his written opposition to Laden's motion for determination of good faith settlement, Hale acknowledged that he appears to be the target of the allegations of plaintiffs' complaints. There, he attached copies of Mrs. Sing-

er's diary entries concerning her hatred for him because of his neglect. Even Hale's cross-complaint acknowledges that plaintiffs' complaints allege negligent and careless treatment by both him and Laden.

As long as there is a measurable allegation of negligence by a codefendant, section 877.6, subdivision (c) bars such codefendant from pursuing any claim for equitable indemnification against a good faith settling tortfeasor. (*Huizar* v. *Abex Corp.* (1984) 156 Cal.App.3d 534, 542 [203 Cal.Rptr. 47]; see also *City of Sacramento* v. *Gemsch Investment Co.* (1981) 115 Cal.App.3d 869 [171 Cal.Rptr. 764].)

Hale has not articulated any factual basis for his claim of entitlement to total equitable indemnification. There are no allegations to support any such total shifting of liability. ■ To the extent that Hale argues that he was merely the agent of Laden, Hale cannot shift responsibility for his allegedly negligent care and treatment of Singer. It has long been settled that "An agent, servant or employee is always liable for his own torts, whether his employer is liable or not. [Citations.]" (*Perkins* v. *Blauth* (1912) 163 Cal. 782, 787 [127 P. 50]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) § 24, p. 2325.)

The cases cited by Hale in support of his theory of his right to total equitable indemnification are not apposite because, as we have noted, there are no facts asserted or inferences that can reasonably be drawn therefrom that would support a claim of total equitable indemnification.

## II

By reason of the good faith settlement determination by the trial court, Hale's cross-complaint became *functus officio* by operation of law.[3]

■ A court on its own motion may "[s]trike out any irrelevant, false, or improper matter inserted in any pleading" and "[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." (Code Civ. Proc., § 436.) Under this statutorily enumerated power of the court to strike irrelevant matter and the court's inherent power (Code Civ. Proc., § 187) to limit the focus of the proceedings to the issues framed by the remaining viable pleadings, the court did not err in striking the cross-complaint, which, after the good faith determination, became irrelevant to resolution of the remaining issues. This ministerial act could be done without notice.

---

[3]The abandonment and ultimate dismissal of the appeal from the good faith determination (B002483) completely eliminated any claim that the court abused its discretion in determining the existence of good faith.

## III

■ Laden contends that Hale's appeal is frivolous and requests attorney's fees, expenses and penalties pursuant to rule 26 of the California Rules of Court.[4] The minute order determining that the settlement was in good faith was made on May 20, 1983. Hale's counsel then filed a notice of appeal and notice to prepare clerk's transcript which was assigned appeal No. B002483. This appeal was dismissed by order of the court on May 15, 1984, because counsel did not file an opening brief and more than 30 days had elapsed since due notification pursuant to rule 17(a), California Rules of Court.

It is apparent, therefore, that Hale, through counsel, had abandoned his efforts to contest the propriety of the good faith determination. Yet, he seeks here to do indirectly what he did not do directly. He cannot now complain about the court's ministerial act of dismissing his cross-complaint, which necessarily turns on the propriety of the good faith determination.

■ In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], the California Supreme Court set forth alternative subjective and objective standards for determining when an appeal should be held to be frivolous: "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]"

■ Before Hale's opening brief on appeal was filed, counsel for Laden advised Hale's counsel, Garry S. Shay, Esq., and the Law Offices of Lloyd D. Robinson, that the instant appeal was frivolous and that he intended to seek costs and attorney's fees.[5]

---

[4]As pertinent, rule 26 reads: "Where the appeal is frivolous . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

[5]Letter of March 12, 1985:

"Law Offices
Bonne, Jones, Bridges, Mueller & O'Keefe
Professional Corporation
Suite 1700 CNA Park Place
600 South Commonwealth Avenue
Los Angeles, California 90005
(213) 480-1900
Telecopier (213) 386-2696
March 12, 1985

The notice of appeal in the instant matter was filed February 22, 1984. As we have noted, the order dismissing the appeal No. B002483 was entered on May 15, 1984. While arguably the instant appeal was properly begun, the continuation of the appeal, in the form of Hale's opening brief filed with this court on June 3, 1985, became frivolous because the validity of the trial court determination of good faith became unassailable by reason of dismissal of the first appeal. It should thereupon have been promptly dismissed so as to not put the respondent, his counsel and this court to the time and expense of reviewing an appeal that, for reasons we have described, had clearly become meritless.

Based upon these objective facts, we hold that no reasonable attorney would disagree that the instant appeal was totally and completely without merit.

The Law Offices of Lloyd D. Robinson, and Garry S. Shay, Hale's appellate counsel, should have been particularly sensitive to the subject of frivolous appeals. In *Wax* v. *Infante* (1983) 145 Cal.App.3d 1029 [194 Cal.Rptr. 14], the same two counsel were subjected to sanctions for prosecuting an appeal long after the underlying issue became moot.

In compliance with *In re Marriage of Flaherty, supra,* 31 Cal.3d 637, we invited Attorney Robinson, who argued the matter before us, to submit a letter brief in opposition to respondent's request for attorney's fees, first

---

Garry S. Shay, Esq.
Law Offices of Lloyd D. Robinson
177 South Beverly Drive
Beverly Hills, California 90212
 Re: Singer v. Laden
Dear Mr. Shay:
 Pursuant to our telephone conversation of March 11, 1985, enclosed is a copy of the trial court's September 7, 1983 order dismissing Dr. Hale's cross-complaint against Dr. Laden.
 As I have previously advised you, we consider an appeal from the court's order dismissing Dr. Hale's cross-complaint to be frivolous. If you decide to proceed with this appeal, we intend to seek recovery of our costs and attorney's fees, together with any other sanctions that the Court of Appeal may impose, pursuant to Rule 26 of the California Rules of Court and section 907 of the Code of Civil Procedure. Please see *Maple Properties* v. *Harris,* 84 Daily Journal D.A.R. 2838 (2d Dist. 1984), in which some of the issues on appeal were found to be frivolous, and the Court of Appeal awarded sanctions in the sum of $20,000. I urge you to file a dismissal of the appeal at this time.

 Very truly yours,
 BONNE, JONES, BRIDGES
 MUELLER & O'KEEFE
 Professional Corporation
 /s/ Peter R. Osinoff
 Peter R. Osinoff

PRO:jf
Enclosure
cc: Mr. Clayton Paine"

advanced in his brief. Counsel chose not to file a letter brief but orally replied that he did not feel that his appeal was frivolous. He contended that the case of *Angelus Associates Corp.* v. *Neonex Leisure Products, Inc.* (1985) 167 Cal.App.3d 532 [213 Cal.Rptr. 403] afforded him and his client the right to seek total indemnification.

 We are unpersuaded. *Angelus* involves strictly liable defendant retailers who sought indemnification from codefendant manufacturers. *Angelus* created a limited exception to the rule of *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], where the cross-complainant is neither a wrongdoer nor a tortfeasor. The allegations of Hale's cross-complaint state that plaintiffs sued both Hale and Laden "seeking damages for battery and medical malpractice which Plaintiff allegedly sustained as the result of [Hale and Laden's] negligent and careless treatment of plaintiff."

A thorough reading of plaintiffs' complaints, Hale's cross-complaint, and Hale's admissions that Mrs. Singer hated him because of his neglect clearly outline a factual matrix in which Hale could not possibly assert a claim for total indemnification. His argument is specious.

 Garry Shay signed Hale's briefs. Lloyd Robinson who appears on the appellate documents as lead counsel argued the matter before our court and adopted the theories advanced in the briefs. Although a successful appeal would have possibly inured to the benefit of Hale, there is no evidence before us that Hale was personally involved in continuing the appeal.

### DISPOSITION

The order of September 7, 1983, is affirmed. A penalty of $5,000 is assessed against Lloyd D. Robinson and Garry S. Shay jointly and severally, payable to Bonne, Jones, Bridges, Mueller & O'Keefe, respondent's counsel, for prosecuting a frivolous appeal.

Ashby, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied April 10, 1986.