[No. F015487. Fifth Dist. July 27, 1992.]

ALBERT KANTOR et al., Cross-complainants and Appellants, v.
HOUSING AUTHORITY OF FRESNO COUNTY, Cross-defendant and
Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Miles, Sears & Eanni, William J. Seiler, Finkle, Davenport & Barsamian and Robert J. Rosati for Cross-complainants and Appellants.

Thomas E. Campagne, Clifford C. Kemper and Kari L. Ley for Cross-defendant and Respondent.

## OPINION

**ARDAIZ, J.**—When A sues B and C, and when B cross-complains against C for indemnity based upon a statute which calls for C to indemnify B if the allegations of B's cross-complaint for statutory indemnity are true, may C properly obtain a dismissal of B's cross-complaint for statutory indemnity by entering into a good faith settlement with A? We hold that C may not do so.

### FACTS

Evidence presented to the superior court revealed the following scenario.[1]

Larry Machonga was a youth pastor of the Calvary Bible Church of Bakersfield (hereinafter CBC). The CBC operated a youth outreach program at the Grace Community Church in Firebaugh. The purpose of the youth outreach program, according to Machonga's declaration, was "to conduct both religious and recreational activities and to generally help people in the community." During a school vacation in March of 1989, Machonga and another pastor led a group of approximately 30 CBC teenagers on a 6-day "mission" at the Grace Community Church in Firebaugh. One of the group's activities during the mission was to paint the Firebaugh Community Building. Members of the CBC group ate and slept in the Firebaugh Community Building during the mission.

On March 21, 1989, at approximately 6 p.m., members of the CBC group were having dinner in the Firebaugh Community Building. Several young

---

[1]Because this case comes to us after the superior court found a settlement in good faith and dismissed all cross-complaints against one of the parties (Code Civ. Proc. § 877.6, subd. (c), *post*), the evidentiary "facts" which follow were presented to the superior court on a motion for a determination that a settlement agreement was reached in good faith, and therefore they "may ultimately be contested and litigated at trial." (*Toyota Motor Sales U.S.A., Inc.* v. *Superior Court* (1990) 220 Cal.App.3d 864, 878, fn. 9 [269 Cal.Rptr. 647].)

boys, who were outside of the building and were not members of Machonga's CBC group, began rapping on the windows and doors of the building. Machonga went to the area of the door and saw that these boys were still running up and knocking on the door. When the boys saw Pastor Machonga, they ran away.

After the boys ran away, Machonga waited at a window, which had drawn drapes, to see if the boys would return. Machonga's declaration stated that he intended, if the boys returned, "to tell them to go away and stop bothering us."

Twelve-year-old Richard Espinoza then ran up toward the building. According to Machonga, what then occurred was as follows:

"I rapped on the door to surprise him and show him I was watching, but hit the glass part of the door instead. The glass broke. I was surprised when the glass broke because I did not think I hit it hard enough to break it."

One or more splinters of glass struck Richard Espinoza's eye, injuring him.

Espinoza, through his guardian ad litem, sued Machonga, the Housing Authority of Fresno County (hereinafter Housing Authority), and Albert Kantor. Kantor was a minister for the Grace Community Church. Kantor's ministry operated out of the Firebaugh Community Building, which was owned by the Housing Authority. The Espinoza complaint contains causes of action alleging general negligence and premises liability. Various cross-complaints were filed. Of interest here is the fourth cause of action of the cross-complaint filed by Kantor, Machonga, and the CBC against the Housing Authority.[2] In this fourth cause of action, Kantor and Machonga allege that they are "special employees" of the Housing Authority and that they are entitled, pursuant to Government Code section 825, to have the Housing Authority defend them and pay any amounts which they might have to pay to Espinoza as the result of any judgment or settlement.[3]

Thereafter, the Housing Authority entered into a settlement with Espinoza. The agreement called for the payment of $5,000 by the Housing Authority to

---

[2]Although plaintiff Espinoza did not sue the CBC, the CBC entered the litigation when it was named as a cross-defendant on a cross-complaint filed by the Housing Authority.

[3]Government Code section 825 states in part: "If an employee or former employee of a public entity requests the public entity to defend him against any claim or action against him for an injury arising out of an act or omission occurring within the scope of his employment as an employee of the public entity and such request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based

Espinoza. The Housing Authority moved for an order determining the settlement agreement to be in good faith and "dismissing with prejudice each cross-complaint and all causes of action set forth therein against the Housing Authority." Kantor, Machonga and the CBC opposed the motion, arguing that (1) the $5,000 settlement amount to be paid by the Housing Authority is too low to be in good faith, and (2) even if the $5,000 settlement amount were sufficient to enable the settlement to be a good faith settlement, a finding that the settlement agreement was in good faith cannot properly bar the fourth cause of action of the cross-complaint of Kantor and Machonga seeking statutory indemnity pursuant to Government Code section 825.

The superior court granted the Housing Authority's motion and dismissed "all pending Cross-Complaints against the Housing Authority," including Kantor and Machonga's cause of action for statutory indemnity pursuant to Government Code section 825.

Kantor, Machonga and the CBC now appeal the order dismissing their cross-complaint against the Housing Authority and granting the Housing

---

thereon or any compromise or settlement of the claim or action to which the public entity has agreed."

Kantor and Machonga's fourth cause of action for statutory indemnity against the Housing Authority alleged as follows: "a. At the time of the acts and occurrences alleged by plaintiff in the principal complaint they were engaged in painting and otherwise repairing a building and property owned and managed by cross-defendant herein, the Housing Authority of Fresno County. The work in question was done on a volunteer basis and the Housing Authority of Fresno County willingly accepted such services. In performing such services these cross-complainants used tools and equipment provided by cross-defendant. Cross-defendant had the right to refuse the offer of these volunteer services or to terminate such services, at its sole discretion. The details of these services were controlled by cross-defendant. These services were within the course and scope of cross-defendant's usual business, which includes the management, control and maintenance of public buildings, including the building in which the acts and occurrences set forth in the principal complaint herein occurred; [¶] b. As a result of the facts set forth above these cross-complainants were special employees of cross-defendant, the Housing Authority of Fresno County; [¶] c. As special employees of the Housing Authority of Fresno County these cross-complainants are entitled to defense and indemnification pursuant to the provisions of Government Code § 825 and Labor Code § 2802; [¶] d. These cross-complainants have demanded, in writing, that cross-defendant defend them in the principal action and indemnify them for any and all liability excessed against them in the principal action. Cross-defendant has refused and continues to refuse to defend and indemnify these cross-complainants; and [¶] e. Pursuant to Government Code § 825 and Labor Code § 2802 these cross-complainants are entitled to defense and indemnification for all losses they suffer as a result of the principal complaint in this action and the cross-complaint filed by the Housing Authority of Fresno County in this action, including reimbursement for attorneys fees and costs they incur in this action."

Labor Code section 2802 states: "An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions, believed them to be unlawful."

Authority's motion for determination of good faith settlement. ■ The dismissal of the cross-complaint "is a final adverse adjudication of the cross-complainant's rights against a distinct party, and the order is appealable." (*County of Los Angeles* v. *Guerrero* (1989) 209 Cal.App.3d 1149, 1152, fn. 2 [257 Cal.Rptr. 787].)

I.

*The Cross-complaint of Kantor and Machonga Seeking Statutory Indemnity
Pursuant to Government Code Section 825*

■ Appellants contend that the court erred in dismissing the fourth cause of action of the cross-complaint of Kantor and Machonga against the Housing Authority for statutory indemnity. We agree.

Subdivision (c) of Code of Civil Procedure section 877.6 states:

"A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

Kantor's and Machonga's cause of action against the Housing Authority for indemnity pursuant to Government Code section 825 is *not* a claim "for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Thus, it is not barred.

Our California Supreme Court, in *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012 [269 Cal.Rptr. 720, 791 P.2d 290], pointed out that Code of Civil Procedure section 877.6 does not bar *all* cross-complaints for indemnity when a settlement has been found to be in good faith.

"The Legislature has recognized, however, that a defendant is unlikely to settle with a plaintiff if the settlement will not end the defendant's involvement in the litigation and will leave it vulnerable to further liability to other defendants. [Citations.] Accordingly, the Legislature has provided that if a trial court determines a settlement was made in 'good faith,' a settling defendant is relieved of any further liability to the nonsettling defendants for equitable indemnity. [Citations.]

"Under this general framework, the trial court's good faith determination plays a key role in harmonizing the objective of encouraging settlement with the objective of promoting a fair apportionment of loss among multiple tortfeasors. [Citations.]

"A trial court's decision that a settlement was made in good faith, however, does not absolve a settling defendant from a subsequent indemnification claim in all circumstances. For example, when the settling defendant has previously entered into a contractual agreement to indemnify a nonsettling defendant, a settlement—even if in good faith—does not relieve the settling defendant from performing the contractual indemnification obligations. [Citations.]" (50 Cal.3d at p. 1019.)

In *City of Sacramento* v. *Gemsch Investment Co.* (1981) 115 Cal.App.3d 869 [171 Cal.Rptr. 764], the court, in rejecting an appellant's argument that there was a contract entitling the appellant to indemnity, recognized that a statutory right to indemnity, like a contractual right to indemnity, is outside the scope of section 877.6. The court stated:

"There is nothing factually present that gives rise to a contractual relationship. There is no contractual *or statutory* right in appellant to indemnity." (115 Cal.App.3d at p. 875, italics added.)

The *City of Sacramento* court also stated, using the acronym "AMA" to refer to the case of *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], that "the right of indemnity should follow *AMA* guidelines, unless a contract *or statute* otherwise provides." (*City of Sacramento, supra,* 115 Cal.App.3d at p. 877, original italics deleted and new italics added.)[4] In *GEM Developers* v. *Hallcraft Homes of San Diego, Inc.* (1989) 213 Cal.App.3d 419 [261 Cal.Rptr. 626], the court, in discussing whether the respondent there was a joint tortfeasor, repeated the assertion of *City of Sacramento* that the right of indemnity should follow *AMA* guidelines " 'unless a contract or statute otherwise provides.' " (*Id.* at p. 431.)

In *C. L. Peck Contractors* v. *Superior Court* (1984) 159 Cal.App.3d 828 [205 Cal.Rptr. 754], the court held that a cross-complaint for express contractual indemnity is not barred when a party contractually obligated to indemnify settles in good faith with a claimant.

"We hold that an indemnity claim against a codefendant based on express contract survives a good faith section 877.6 settlement. The Legislature, by specifying equitable comparative indemnity, evidenced its intention to exclude contractual indemnity. The language of section 877.6 is clear, and we are not free to depart from it." (159 Cal.App.3d at p. 834.)

---

[4]*American Motorcycle, supra,* held that the adoption of comparative negligence in California did not abolish the joint and several liability of concurrent tortfeasors. It also modified the common law equitable indemnity doctrine to permit partial indemnity on a comparative fault basis.

The above quoted rationale is equally as cogent if one replaces the words "based on express contract" with the words "based on statute," and the words "intention to exclude contractual indemnity" with the words "intention to exclude a right of indemnity provided for by statute." Respondent's argument that only a claim for express contractual indemnity survives a good faith settlement is not persuasive. No statute says this, and no case so holds. Respondent's argument that "[a]ppellants are clearly making a claim for implied contractual indemnity" is not persuasive. Apples are not oranges, and a claim for statutory indemnity is not a claim for implied contractual indemnity. If a public entity could avoid its obligations under Government Code section 825 by simply settling with a claimant, the very purpose of the statute would be thwarted.

■ Respondent appears to contend that the superior court necessarily made a factual and/or legal determination that Kantor and Machonga were *not* special employees of the Housing Authority, and that therefore the Kantor and Machonga cross-complaint was properly dismissed on that basis.[5] This is incorrect.

"On a motion for a good faith determination under section 877.6, the trial court is charged only with making a 'rough approximation' of a settling defendant's 'proportionate liability' based on information 'available at the time of settlement.' [Citation.] The trial court must decide this issue by reliance upon affidavits (which obviously precludes cross-examination) and it will not necessarily have before it all of the evidence which may ultimately be offered at trial on a disputed issue. Moreover, any good faith determination once made is unaffected by subsequent determinations made at trial as to the actual liability of the parties or the amount of damages sustained by a plaintiff. [Citation.]

"Thus, any factual findings or determinations made on contested issues of liability or damages are tentative and solely for the purposes of evaluating the good faith of a proposed settlement *as of the date of such evaluation*." (*Toyota Motor Sales U.S.A. Inc., supra*, 220 Cal.App.3d at p. 878, fn. 9.)

If the Housing Authority wished to seek an adjudication that Kantor's and Machonga's cause of action for statutory indemnity pursuant to Government Code section 825 has no merit because Kantor and Machonga were not, according to the Housing Authority, special employees of the Housing

---

[5]Evidence was presented to the superior court that an area manager for the Housing Authority, Bert Metcalf, had approved Kantor's request to permit CBC members to paint the interior of the Firebaugh Community Building, and that the Housing Authority had provided a ladder and some of the paint.

Authority, the Housing Authority could have moved for just such an adjudication. (See Code Civ. Proc. § 437c, subd. (f).)

Kantor and Machonga's claim against the Housing Authority for statutory indemnity cannot be barred by any settlement reached between the Housing Authority and Espinoza, even if that settlement should be found to be in good faith.

## II.

### *Was the Settlement a Good Faith Settlement?* *

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

### DISPOSITION

The court's order of January 14, 1991, finding the settlement to be in good faith and dismissing all cross-complaints against the Housing Authority for indemnity is reversed only insofar as it requires dismissal of appellants' fourth cause of action against the Housing Authority for statutory indemnity. In all other respects the order is affirmed. Costs are awarded to appellants.

Best, P. J., and Stone (W. A.), J., concurred.

---

*See footnote, *ante*, page 424.