81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AB AVNET EMG, Plaintiff-Appellant,
v.
SIERRA SEMICONDUCTOR CORP., Defendant-Appellees.
 No. 94-15420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided March 22, 1996.
 
 1
 Before: WALLACE, Chief Judge, and LEAVY, Circuit Judge, and BAIRD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 AB Avnet EMG ("Avnet") appeals the district court's dismissal of its action for equitable and implied indemnification against Sierra Semiconductor Corporation ("Sierra") for failure to state a claim upon which relief can be granted. We affirm.
 
 I. Equitable Indemnification
 
 4
 Under California law, equitable indemnification is a doctrine for the apportionment of tort liability. GEM Developers v. Hallcraft Homes, 213 Cal.App.3d 419, 427 (1989). In order to sustain a claim of equitable indemnity against Sierra for the award paid to Hot Line, Avnet must establish that Hot Line could have successfully brought a tort claim against Sierra. See Operating Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc., 795 F.2d 1501, 1508 (9th Cir.1986). Avnet based its claim for indemnification on underlying tort claims of strict liability for product defect, negligent misrepresentation, and breach of express warranty.
 
 A. Strict Liability Theory
 
 5
 Avnet failed to allege that the defective modems caused physical injury to a person or property, an essential element of a strict liability claim. In California, where damage consists solely of economic losses, recovery on a theory of products liability is precluded. Cronin v. J.B.E. Olson Corp., 8 Cal.3d 121, 130, 501 P.2d 1153, 1160 (1972); Seely v. White Motor Co., 63 Cal.2d 9, 18-19, 403 P.2d 145, 151-52 (1965); Sacramento Regional Transit Dist. v. Grumman Flxible, 158 Cal.App.3d 289, 293 (1984); Aris Helicopters, Ltd. v. Allison Gas Turbine, 932 F.2d 825, 827 (9th Cir.1991) ("the law of California does not permit recovery for economic losses due to the negligent or unsafe manufacture of a product").
 
 B. Negligent Misrepresentation Theory
 
 6
 Under California law the Uniform Commercial Code ("UCC"), not tort law, governs commercial affairs between merchants, including economic loss caused by a defective product. Seely, 63 Cal.2d at 15, 403 P.2d at 149; Sacramento Regional Transit, 158 Cal.App.3d at 300. In the instant case, where the transaction was a sale of goods between merchants and the claim is one for purely economic loss, the remedies are limited to those provided by contract and the UCC. S.M. Wilson & Co. v. Smith Int'l, Inc., 587 F.2d 1363, 1376 (9th Cir.1978).
 
 
 7
 We reject Avnet's argument that it has a "special relationship" of the sort recognized by J'Aire Corp. v. Gregory, 24 Cal.3d 799, 598 P.2d 60 (1979), which would allow it to recover for purely economic losses. J'Aire does not apply in this case, which is governed by the UCC. Sacramento Regional Transit, 158 Cal.App.3d at 299 (distinguishing J'Aire ).
 
 
 8
 We also reject Avnet's contention that its claim is valid as one for negligent misrepresentation as defined in the Restatement (Second) of Torts § 552. California has not adopted section 552 of the Restatement or its "terminology describing the torts of negligent and intentional misrepresentation." Bily v. Arthur Young & Co., 3 Cal.4th 370, 414 (1992).
 
 C. Breach of Express Warranty Theory
 
 9
 This claim fails primarily because Hot Line and Sierra were not in privity of contract, which is generally required for a breach of express warranty action. Burr v. Sherwin Williams Co., 42 Cal.2d 682, 695-96, 268 P.2d 1041, 1048-49 (1954).
 
 
 10
 Fundin v. Chicago Pneumatic Tool Co., 152 Cal.App.3d 951, (1984), sets forth a narrow exception to the general rule. Id. at 957. The district court properly distinguished Fundin where the plaintiff was a consumer, from the instant case where plaintiff is a merchant. Sierra and Hot Line are manufacturer and distributor. Both are merchants under California Commercial Code § 2104.[1] As such the UCC controls their dealings. The contracts entered into by Sierra Netherlands with Nordisk and by Nordisk with Hot Line contain the bargained for allocation of risk of loss. Therefore, these facts do not fit the narrow exception to the privity requirement carved out in Fundin for the consumer who relies on the manufacturer's express warranty in making a purchase. See Burr, 42 Cal.2d at 695-96, 268 P.2d at 1048-49; Kaiser Steel Corp. v. Westinghouse Elec. Corp., 55 Cal.App.3d 737, 748 (1976).
 
 
 11
 We find Avnet's reliance on Huizar v. Abex Corp., 156 Cal.App.3d 534 (1984), misplaced. Huizar held that one merchant in the chain of distribution could sue for damages caused by a defective product in the context of a product liability claim. Id. at 541. A product liability claim, however, requires personal injury, which notably is absent in this case.
 
 II. Implied Indemnification
 
 12
 Under California law, indemnity "may find its source in equitable considerations brought into play either by contractual language not specifically dealing with indemnification or by the equities of the particular case." E.L. White, Inc. v. City of Huntington Beach, 21 Cal.3d 497, 507, 579 P.2d 505, 510 (1978). Avnet does not allege the existence of a contract between Hot Line and Sierra; therefore, as the district court found, Avnet must rely on the "equities of the particular case."
 
 
 13
 The equitable doctrine of implied indemnity, where there is no contract, is "a tort concept which assumes the existence of tortfeasors of unequal fault whose liability is apportionable among themselves." Kirst v. Silna, 103 Cal.App.3d 759, 764 (1980). If, as here, there is no tort claim, the equitable doctrine of implied indemnity is not applicable.
 
 
 14
 Considine Co., Inc. v. Shadle, Hunt & Hagar, 187 Cal.App.3d 760 (1986), which distinguished between indemnity claims under tort liability and indemnity claims arising from a breach of contract, does not support Avnet's claim for implied indemnity. The plaintiff in Considine had both a contractual relationship with the defendant, his attorney, and an action in tort for the attorney's negligence. Id. at 769. Avnet has neither a contractual relationship with Sierra, nor a claim in tort.
 
 III. CONCLUSION
 
 15
 The district court did not err in granting Sierra's motion to dismiss on the grounds that Avnet failed to state a claim for equitable indemnification or implied indemnification against Sierra. The district court did not abuse its discretion in denying Avnet's motion to vacate the Order of July 16, 1993, and for leave to file an amended complaint.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Lourdes G. Baird, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 " 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction...." Cal.Com.Code § 2104(1). Hot Line took the modem kits and made modems to sell to its customers. In so doing Hot Line exhibited the knowledge or skill of a merchant