[Civ. No. 19223. Second Dist., Div. One. May 25, 1953.]

ESTHER G. BARNES, Appellant, v. E. M. HILTON, Respondent.

Morton E. Feiler and Guerin & Guerin for Appellant.

Harold Judson and Emil Steck, Jr., for Respondent.

WHITE, P. J.—On February 25, 1949, the Superior Court of Los Angeles County entered a judgment by confession based upon four promissory notes executed by defendant, E. M. Hilton, whereby the defendant gave a warrant of attorney authorizing any attorney of any court of record to enter an appearance and confess judgment. Pursuant to such authority, Morton E. Feiler, an attorney licensed to practice in California, confessed judgment, making a ''verified statement of facts.''

On February 20, 1952, E. M. Hilton, the judgment debtor, moved to vacate the aforesaid judgment, and his motion was granted on February 26, 1952, upon the ground that the judgment was void in that the defendant or judgment debtor had not signed and verified the statement required by section 1133 of the Code of Civil Procedure. In addition to the issue thus presented, the appellant has presented for consideration a decision of the Supreme Court of the State of Kansas, which he contends, is res judicata, holding that the confession judgment was not void. It is the position of respondent that the

judgment of the Kansas Supreme Court is not "res judicata" on the question.

Sections 1132 and 1133 of the Code of Civil Procedure of the State of California provide as follows:

"1132. A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter. Such judgment may be entered in any court having jurisdiction for like amounts.

"1133. A statement in writing must be made, signed by the defendant and verified by his oath, to the following effect:

"1. It must authorize the entry of judgment for a specified sum;

"2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due;

"3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and show that the sum confessed therefore does not exceed the same."

Appellant contends that it was not necessary for the defendant E. M. Hilton to sign personally the confession of judgment; that the signing of the confession by the defendant's authorized attorney does not render the judgment void, and that the decision of the Supreme Court of Kansas renders the matter res judicata. None of these contentions may be upheld.

In *General Motors Accept. Corp.* v. *Codiga,* 62 Cal.App. 117, 120 [216 P. 383], the confession of judgment was said to be "invalid" as being in violation of section 1133 of the Code of Civil Procedure. It was held in *First Nat. Bank* v. *Terry,* 103 Cal.App. 501, 504, 506 [285 P. 336], that a judgment by confession entered in Illinois during a "recess" rather than a "vacation" of the court, in contravention of Illinois statutes on the subject, was "invalid." It further appeared in the case cited that the remedy for the collection of the debt had been barred by the statute of limitations of Illinois, and in such circumstances it was held that the attorney appeared without authority, and the judgment based upon his confession was void. In *Reynolds* v. *Lincoln,* 71 Cal. 183, 184 [9 P. 176, 12 P. 449], the signature of an attorney, rather than a party, was held "not sufficient."

The judgment in this cause, which the trial court set aside, was entered in clear contravention of the policy of this state as set forth in the code sections hereinabove adverted to. The judgment was void on its face—that is, the invalidity of the judgment appeared on the face of the judgment roll. (See *Baird* v. *Smith*, 216 Cal. 408, 410 [14 P.2d 749]; *People* v. *Davis*, 143 Cal. 673 [77 P. 651].) In *Baird* v. *Smith*, *supra*, a default judgment was prematurely entered by the clerk of the court, and an order vacating such judgment two years after its entry was upheld. The language of the court in that case is applicable here, where the clerk entered a judgment in violation of the applicable sections of the Code of Civil Procedure: "Examination of the authorities satisfies us that a judgment entered by the clerk under subdivision 1 of section 585, *supra* (Code Civ. Proc., § 585), at a time when the defendant's answer is on file and upon a default prematurely taken, is void and may be set aside at any time. The clerk in entering judgments upon default acts in a mere ministerial capacity. He exercises no judicial functions. The statute authorizes the judgment and the clerk is only the agent by whom it is written out and placed among the records of the court. The statute is the measure of his authority. In exercising the power conferred he must conform strictly to the provisions of the statute or his proceedings will be without binding force and any judgment entered by him will be void. . . . (Citing authorities.)"

The court in the case last cited referred to Freeman on Judgments, fifth edition, page 2666, section 1283, stating in substance, that a default judgment entered by the clerk without authority of statute is void. Further, as was held in the cited case, such a judgment is not merely voidable, and attackable only within the six months' period provided by section 473 of the Code of Civil Procedure, but is void, and may be set aside at any time.

Replying to appellant's arguments, it is to be noted that the pertinent code sections require a statement by the defendant, verified by his oath, and do not permit a statement by an attorney purporting to act under an unverified or unauthenticated power of attorney contained in a promissory note. If appellant's argument were upheld, then the provisions of the code sections here involved could readily be subverted by the simple device of including in any promissory note a warrant of attorney, whereby any attorney could make the statement in writing, verify it, and confess judgment.

Clearly, such is not the policy contemplated by the Legislature. In this connection, it is significant that confession of judgment notes are not in general use in this state and the clerks of the various superior courts adhere strictly to the rules set forth in sections 1132 and 1133, *supra,* of the Code of Civil Procedure.

Appellant further contends that the question of whether the judgment under consideration is void has been conclusively determined in his favor by the Supreme Court of the State of Kansas, in a proceeding in that state between appellant and respondent. It is appellant's position that the validity of the California judgment confession has been determined in his favor by the Supreme Court of Kansas and that such determination renders the matter res judicata. This contention is without merit for the reason that the validity of the California judgment is to be determined by the law of California. The law of the forum governs the transaction, and under that law the judgment was void and not entitled to full faith and credit in the forum of another state. (See 50 C.J.S. 477; also *Bower* v. *Casanave,* 44 F.Supp. 501; *Loudonville Milling Co.* v. *Davis,* 248 Ala. 202 [27 So.2d 6]; *Monarch Refrigerating Co.* v. *Faulk,* 228 Ala. 554 [155 So. 74]; *South Orange Trust Co.* v. *Barrett* (1950), 6 Terr. (Del.) 533 [76 A. 2d 310]; *Acme Feeds* v. *Berg* (1942), 231 Iowa 1271 [4 N.W. 2d 430]; *Jones* v. *Turner* (1930), 249 Mich. 403 [228 N.W. 796]; *Second Nat. Bank* v. *Thompson* (1947), 141 N.J.Eq. 188 [56 A.2d 492]; *Bernard Gloeckler Co.* v. *Baker Co.* (Tex.Civ. App., 1932), 52 S.W.2d 912.)

The order appealed from is affirmed.

Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1953.