[Civ. No. 45442. Second Dist., Div. Four. Jan. 26, 1977.]

ATAKA AMERICA, INC., Plaintiff and Appellant, v.
WASHINGTON WEST TRADE CORPORATION,
Defendant and Appellant.

420

**COUNSEL**

Baker, Ancel & Redmond and Irwin E. Sandler for Plaintiff and Appellant.

Meyers, Stevens & Walters, Alan M. May and Norman E. Stevens for Defendant and Appellant.

## OPINION

KINGSLEY, Acting P. J.—Plaintiff, Ataka America, Inc. (Ataka), appeals from an order vacating a judgment entered pursuant to a confession of judgment; defendant, Washington West Coast Trade Corporation (Trade), has cross-appealed from portions of that order. We modify the order and affirm it as modified.

As the result of a complicated series of transactions, the details of which are not material to the issues herein involved, Trade has become indebted to Ataka for clothing purchased by Trade. In July of 1973, Trade was seriously in default in its payments to Ataka. A series of conferences followed, resulting in the execution on July 12, 1973, by Trade, and by one of its officers in his individual capacity, of a confession of judgment, containing, inter alia, a schedule of payments to be made by Trade.[1] On November 28, 1973, Trade being in default under the payment schedule, Ataka filed the confession; judgment thereon was entered by the clerk on November 30, 1973. On May 29, 1974, Trade filed its motion to vacate the judgment so entered. After the filing of several declarations by the parties, the trial court, on June 27, 1974, granted that motion.

■ The parties have argued a number of issues, only two of which are material in the light of our holding that the confession of judgment executed on behalf of Trade was void for failure to comply with the requirements of section 1133 of the Code of Civil Procedure.

Section 1133 reads as follows: "A statement in writing must be made, signed by the defendant, and verified by his oath, to the following effect:

"1. It must authorize the entry of judgment for a specified sum;

"2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due;

"3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the

---

[1]The validity of the confession of judgment executed by the official in his individual capacity is not herein involved. So far as the record shows, no judgment was entered against the officer, as an individual.

liability, and show that the sum confessed therefor does not exceed the same."

Although the confession of judgment herein involved was executed on behalf of Trade by an authorized officer and was acknowledged, it was not verified as section 1133 requires. We hold that that omission was fatal to the validity of the confession.

In *Barnes* v. *Hilton* (1953) 118 Cal.App.2d 108 [257 P.2d 98], another division of this court held void a confession of judgment, not verified by the debtor. While that defect was made worse by the fact that the confession was executed by an attorney and not by the debtor, we regard the holding in that case to apply to any defect in verification. Ataka relies on the decision of the appellate department, in *L. A. Adjustment Bureau* v. *Noonan* (1960) 181 Cal.App.2d Supp. 834 [5 Cal.Rptr. 445]. But that case is not helpful to Ataka. In *Noonan* the debtor admitted, *at the time of hearing* on his motion to vacate a judgment entered on an unverified confession, that he, in fact, owed the amount involved. In the case at bench, Trade is seriously denying that it, in fact, was indebted to Ataka for the amount set forth in the confession.

In addition, the record shows that the judgment entered on the confession was for more than the amount then due, since Ataka had not credited a payment made by Trade between July 12, 1973, and November 28, 1973; it also shows that there are serious questions as to the accuracy of the interest included in the judgment as entered.

Ataka argues that the purpose of requiring, in section 1133, that the confession be verified is to protect other creditors from a collusive confession that might operate as a preference. Ataka then argues that that purpose is not here involved. The record refutes the contention. It is clear that, in July of 1973, Trade was seriously in debt, if not actually insolvent; we do not know what other creditors may have existed whose rights were affected by the confession in favor of Ataka. Under those circumstances, the policy behind section 1133 requires us to hold that both the confession and the judgment are fatally defective.

## II

Trade argues here, as a basis for its cross-appeal: (a) That the sections of the Code of Civil Procedure (§§ 1132 and 1133) are unconstitu-

tional; and (b) that the trial court erred in ruling, in its order, that there was no fraud in securing the confession.[2]

■ (1) Since we hold that Ataka did not follow the statutory requirements of section 1133, and that the confession of judgment was void for that reason, there is no reason for either the trial court or this court to consider whether those sections, if complied with, are constitutional.

(2) Since the confession was void for the reason set forth, there was no reason for the trial court to decide whether it was void or voidable for any other reason. With the judgment vacated, and the underlying confession judicially declared void, the parties may, if they so desire, proceed, in proper actions in the trial court, to litigate (inter alia): (a) whether the confession of judgment is, by reason of any fraud in its procurement, unavailable to Ataka as an admission by Trade; (b) how much, if anything, Trade now owes to Ataka. The issue of usury, discussed in the court below and here, will be available, if properly pleaded, in any such future litigation.

It follows that the trial court should not, in its order herein before us, have dealt with the issues of constitutionality or fraud. We modify the order to delete the paragraphs (above quoted in fn. 2).

The order appealed from is modified by deleting therefrom the paragraph beginning "The court rejects" appearing at lines 25 through 32 on page 2 of the order as filed, and the paragraph beginning "Insofar as," appearing at lines 1 through 4 on the third page of said order. The order, as so modified, is affirmed. Neither party shall recover costs on this appeal.

Dunn, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied February 11, 1977, and the petition of the plaintiff and appellant for a hearing by the Supreme Court was denied March 24, 1977.

---

[2]The pertinent sections of the order read as follows: "The court rejects the argument that the confession of judgment procedure (Code Civ. Proc. §§ 1132-1135) is unconstitutional (*Overmyer Co., Inc.* v. *Frick Company,* 405 U.S. 17, 31 L.Ed.2d 124). Whether the transaction was a sale or not is a question of fact to be litigated. Hence, the court does not rule on the contention that usury is involved, nor does the court decide the question as to the applicability of the Commercial Code sections relied upon by by [*sic*] defendant.

"Insofar as the defendant charges that the Confession of Judgment was brought about by the extrinsic fraud of plaintiff, the court holds in favor of plaintiff and against defendant, finding that no fraud has been proven."