[Civ. No. 65837. Second Dist., Div. Four. Dec. 15, 1982.]

MATTHEW WAX, Plaintiff and Respondent, v.
JOSEPH INFANTE et al., Defendants and Appellants.

**COUNSEL**

Lloyd D. Robinson and Garry S. Shay for Defendants and Appellants.

Levine, Krom & Unger, Leonard Unger and Tina S. Schuchman for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Defendants appeal from an order denying their motion to vacate a judgment by confession. We reverse the order.

Plaintiff and defendant Joseph Infante had a dispute over monies allegedly due from Joseph to plaintiff. They agreed on a settlement of that dispute, which included the execution by Joseph and his wife of a promissory note and of a confession of judgment. The parties then went to a lawyer who had, in the past, represented both plaintiff and the defendants, with a request that he draw the necessary papers, which he did. Defendants having fallen in default under the note, the confession of judgment was filed, accompanied by a certificate from the lawyer, and judgment was entered thereon. Shortly thereafter defendants moved to vacate that judgment. The motion was denied and this appeal followed. We reverse.

After the decision in *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61 [145 Cal.Rptr. 368, 577 P.2d 188], the Legislature amended section 1132 of the Code of Civil Procedure. Subdivision (b) of that section, as so amended, reads as follows:

"A judgment by confession shall be entered *only* if an attorney independently representing the defendant signs a certificate that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to utilize the confession of judgment procedure. The certificate shall be filed with the filing of the statement required by Section 1133." (Italics added.) The certificate, purporting to follow that section, reads, in pertinent part, as follows:

"That JOSEPH INFANTE and VIVIAN INFANTE, whose confession of judgment in favor of MATTHEW WAX has been executed and filed with the Superior Court of the State of California for the County of Los Angeles, requested, together with MR. WAX, that I prepare for them said confession of judgment on their behalf.

*That I advised* JOSEPH INFANTE, VIVIAN INFANTE *and* MATTHEW WAX *that, since I was the attorney for ventures in which they were partners, and also represented them individually, I could not independently represent any of them in transactions with the others.*

"*That, with full knowledge of the foregoing, the parties reaffirmed their desire that I prepare the confession of judgments upon which they had agreed prior to soliciting my involvement.*

"*That prior to the execution of such confession of judgment I had fully and completely advised said* JOSEPH INFANTE *and* VIVIAN INFANTE *with respect to their rights in connection with said matter and the effect and procedure with regard to the entry of such a confession of judgment, including the waiver of all rights in connection therewith including all defenses which they may have in connection with the transaction and the execution of said confession of judgment.*

"*I further certify that following said explanation the said* JOSEPH INFANTE *and* VIVIAN INFANTE *indicated comprehension of said advice, rights, the waiver thereof and defenses thereto and were agreeable to the execution of said confession of judgment and thereafter executed such confession of judgment.*"
(Italics added.)

■ Plaintiff contends here that the purpose of section 1132 was to make sure that a defendant was properly advised as to his rights and that, since the giving of that advice is not here questioned, the procedure was adequate. We find that argument unconvincing.

We accept, for the purpose of this opinion, that, assuming the facts set forth in the lawyer's certificate to be true, he did not violate the ethical rules on representing adverse interests. However, the confession of judgment procedure is an extreme remedy. The Legislature, in protecting the interests discussed in *Isbell,* was not content merely to require advisement by counsel but to require that that advice was free of any possible bias. The statutory provision for "independent" counsel was, in the obvious opinion of the Legislature, a necessity to prevent even an inadvertent bias and also, for the protection of the potential judgment creditor, to prevent later litigation over the quality and quantity of the advice on which the potential judgment creditor relied. A cer-

tificate such as the one here before us does not satisfy the legislative purpose and a judgment entered in reliance on it was beyond the power of the clerk to enter. It is void and must be vacated.

The order is reversed with directions to grant the motion to vacate.

McClosky, J., and Amerian, J., concurred.

A petition for a rehearing was denied December 30, 1982, and respondent's petition for a hearing by the Supreme Court was denied February 10, 1983.