[No. B020644. Second Dist., Div. Six. Mar. 26, 1987.]

JAMES F. HENSLEY, JR., as Executor, etc., Plaintiff and Respondent,
v.
GARY HENSLEY et al., Defendants and Appellants.

**COUNSEL**

Siple & Orrock and Robert R. Anderson for Defendants and Appellants.

Richard L. Francis for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Here's one for your "I don't believe it" file. Appellants, Gary and Cary Hensley, seek to reinstate a default judgment against them which had been set aside by the trial court. But, of course, there is a twist. They wish the reinstated judgment to reflect a damage award of zero. As we shall explain, appellants are not aggrieved and therefore cannot appeal the order. (Code Civ. Proc., § 902.) The appeal is dismissed as to the order setting aside the money judgment.

### FACTS

In 1985 plaintiff Harriett Poyer Campbell obtained a default judgment against Gary and Cary Hensley. The complaint alleged that the Hensleys, through the negligent and malicious excavation of their hillside property, caused Campbell's adjacent property to slip and subside, causing the stairway to her home to partially collapse. In her first cause of action Campbell prayed for damages "according to proof," and punitive damages. Campbell obtained a default judgment for $34,541 against the Hensleys on her cause of action alleging that the Hensleys had deprived her land of its lateral support.

The second cause of action alleged that defendants had caused a nuisance which entitled plaintiff to injunctive relief. The trial court denied Campbell punitive damages, and her request for injunctive relief on the second cause

of action. Campbell then dismissed paragraphs one and two of her prayer for injunctive relief.

The Hensleys then filed a motion to modify the default judgment, arguing that Campbell's failure to specify an amount in damages was fatal to the award. They argued that Code of Civil Procedure sections 580 and 585, subdivision (b), which restrict judgments to the amounts pleaded, rendered this award void because it was beyond the court's jurisdiction. The Hensleys requested the court to modify the judgment by reducing the award to zero. By this time Campbell was deceased and represented by her executor.

Rather than modify the judgment, the court set it aside. The executor took it one step further; he moved to withdraw the entry of default. ■ Presumably, he took this action because normally an order vacating a default judgment renders only the judgment void; the entry of default remains on record, all allegations remain admitted as true, and the court must enter a new judgment. (*Howard Greer Custom Originals* v. *Capritti* (1950) 35 Cal.2d. 886, 888-89 [221 P.2d 937]; *Bristol Convalescent Hospital* v. *Stone* (1968) 258 Cal.App.2d. 848, 859 [66 Cal.Rptr. 404].)

The Hensleys, however, want the default judgment to stand against them, just so long as it is devoid of substance. Their theory is that the portion of the judgment awarding no damages is valid. Therefore, they argue, the court was without jurisdiction to set it aside. ■ Bearing in mind that a judgment on default is generally given the effect of merger or bar, (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 219(b), p. 656), the Hensleys seek to create an Alice in Wonderland world. Plaintiff loses for winning, and defendants win for losing.

### DISCUSSION

■ The Hensleys correctly recite that an order setting aside a final judgment is appealable. (*Stegge* v. *Wilkerson* (1961) 189 Cal.App.2d. 1, 4 [10 Cal.Rptr. 867]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 108, p. 127.) The rule is the same if the order after final judgment is void. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d. 363, 366 [217 P.2d 951]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 134, pp. 143-144.) ■ But it is also well settled by statute, case law, and logic that only an aggrieved party may bring the appeal. (Code Civ. Proc., § 902; *Maxwell Hardware Co.* v. *Foster* (1929) 207 Cal. 167, 170 [277 P. 327] ["A party cannot appeal from a judgment in his favor. . . ."]; *Winter* v. *Gnaizda* (1979) 90 Cal.App.3d. 750, 754 [152 Cal.Rptr. 700]; *Kunza* v. *Gaskell* (1979) 91 Cal.App.3d. 201, 206 [154 Cal.Rptr. 101] ["The rule is strictly applied by reviewing courts which hold generally that only *aggrieved* parties may appeal."].)

Our Supreme Court has defined an aggrieved party as one "whose rights or interests are injuriously affected by the judgment. [Citations.] [The Hensleys'] interest ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d. 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953], quoting *Leoke* v. *County of San Bernardino* (1967) 249 Cal.App.2d. 767, 771 [57 Cal.Rptr. 770].)

The Hensleys seek review of a court order which, while not granting the exact form of relief sought (a modification of the damages award to zero), offers them total relief from the default judgment. The immediate result is the same: the Hensleys are no longer burdened by a money judgment against them. If anyone, it is plaintiff who has suffered an "immediate, pecuniary, and substantial" injury by losing the default judgment. (*County of Alameda* v. *Carleson, supra*, 5 Cal.3d. at p. 737.) " 'The clearest examples of errors nonreviewable are those which are in favor of the appellant or against the respondent. . . .' [Citation.]" (*Summers* v. *Burdick* (1961) 191 Cal.App.2d. 464, 472 [13 Cal.Rptr. 68].)

There are, of course, qualifications to this rule. Where a party is awarded less than was demanded, including an amount in damages or a new trial granted but only on limited issues, appeal may lie on the unfavorable part of the judgment. (*Maxwell Hardware Co.* v. *Foster, supra*, 207 Cal. at p. 170; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 142, pp. 151-152.) More generally, a party may appeal where the order or judgment is apparently favorable but is in fact adverse. (*Corridan* v. *Rose* (1955) 137 Cal.App.2d. 524, 528 [290 P.2d 939]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 142, pp. 151-152.)

Although the Hensleys will have to defend the case on its merits, the possibility of an adverse judgment in the future does not make them "aggrieved" parties. Their interest " ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*County of Alameda* v. *Carleson, supra*, 5 Cal.3d. 730, 737, citing *Leoke* v. *County of San Bernardino, supra*, 249 Cal.App.2d 767, 771.)

The Hensleys have already benefited from the denial of the request for injunctive relief, and the dismissal by plaintiff of the prayer requesting injunctive relief. The reinstatement of the judgment only reinstates the first cause of action and does not reinstate the cause of action for injunctive relief.

Even if the court committed prejudicial error in making its order, the error was invited by the Hensleys, who may not assert it. (*Morris* v. *Frudenfeld* (1982) 135 Cal.App.3d. 23, 32 [185 Cal.Rptr. 76]; 9 Witkin, Cal.

Procedure (3d ed. 1985) Appeal, §§ 301, 302, pp. 313-314.) In points and authorities submitted to the trial court in support of their motion to modify the judgment, they invoked the court's power to set aside *or* modify the judgment. They relied on Code of Civil Procedure section 473 for the court's authority to "set aside" any void judgment, but then reminded the court that the entire judgment "need not" be invalidated. They cited *Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d. 489, 495 [165 Cal.Rptr. 825, 612 P.2d 915] for the holding that where a default judgment exceeds the court's jurisdiction, the court "could" modify the judgment rather than set it aside in its entirety.

The Hensleys reminded the court of its discretion to set aside or merely modify the judgment. The court exercised its discretion, albeit not granting the precise relief the Hensleys desired. They now seek on appeal a ruling that the court has no such discretion. They were right the first time.

The appeal is dismissed. Respondent to recover costs.

Stone, P. J., and Abbe, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 17, 1987.