[No. A068545. First Dist., Div. Four. Jan. 24, 1996.]

RIVERCOURT COMPANY LIMITED, Plaintiff and Appellant, v.
DYNA-TEL, INC., Defendant and Respondent;
ANTONIO M. GARCIA, Third Party Claimant and Respondent.

COUNSEL

Robert L. Hunniecutt for Plaintiff and Appellant.

Livingston & Weiss and Dennis L. Livingston for Defendant and Respondent and Thirty Party Claimant and Respondent.

OPINION

**HANLON, J.**—Rivercourt Company Limited appeals from the trial court's order setting aside a confession of judgment against respondent Dyna-Tel, Inc., pursuant to Code of Civil Procedure, section 473.[1] Rivercourt contends that the trial court erred in finding that the confession of judgment was fraudulently entered. We conclude that the trial court properly set aside the confession of judgment because the declaration filed pursuant to section 1132, subdivision (b), certifying that Dyna-Tel was advised of the waiver of rights and defenses under the confession of judgment procedure, was not executed by independent counsel.

### FACTUAL BACKGROUND

On September 16, 1994, the superior court issued a statement of tentative decision in the matter of Garcia v. Hejmadi (Super. Ct. S.F. County, 1994, No. 938708). In the decision, the court declared that third party claimant Antonio M. Garcia was the 100 percent owner of Dyna-Tel, and that Vivek Hejmadi, who had been the president of Dyna-Tel, was not an owner of Dyna-Tel and had no rights or claims to its assets. The court further found that Dyna-Tel had one asset—the net proceeds of a judgment obtained in the case of Dyna-Tel v. Lakewood (U.S. Dist. Ct. (N.D.Ill.), 1991, No. 86 C 8893) that were being held in the court registry. The court directed that Dyna-Tel be dissolved and that the funds held in the court registry be released to Garcia upon entry of the final judgment. Peter R. Chernik, counsel for Hejmadi, received the tentative decision on September 20, 1994.[2]

On September 21, 1994, Hejmadi, acting as president of Dyna-Tel, executed a confession of judgment statement pursuant to section 1133 in favor of Rivercourt, confessing judgment in the amount of $1,113,899 and authorizing entry of judgment against Dyna-Tel in that amount. The underlying

[1] All statutory references are to the Code of Civil Procedure.
[2] A statement of decision adopting the tentative decision was issued on October 24, 1994. Judgment was entered in favor of Garcia on November 2, 1994.

debt to Rivercourt arose from a loan arranged by Hejmadi under which Rivercourt lent $500,000 to Investment Management International, Inc., with Dyna-Tel guaranteeing the loan. Hejmadi controlled Investment Management International, Inc., Chernik, acting as counsel for Dyna-Tel, executed the requisite declaration in support of the statement confessing judgment (§ 1132, subd. (b)), declaring that he examined the proposed judgment and that he advised Dyna-Tel of the waiver of rights and defenses under the confession of judgment procedure. Rivercourt, although it was aware of the tentative decision, filed the confession of judgment on September 28, 1994.

On October 5, 1994, Rivercourt moved for an order assigning and disbursing the funds held in the court registry in the Garcia v. Hejmadi action to it. Garcia opposed the motion and moved to set aside the confession of judgment pursuant to section 473. He contended that the judgment should be set aside because: (1) the underlying loan between Dyna-Tel and Rivercourt was procured by fraud; (2) Rivercourt deliberately concealed the fact that Hejmadi had no interest in Dyna-Tel and that Garcia was an interested party; and (3) that the confessed judgment was invalid because of failure to comply with sections 1132 and 1133. Following a hearing on the motions, the trial court found that the confession of judgment was entered fraudulently and granted the motion to set aside the judgment. The trial court denied Rivercourt's motion for assignment and directed counsel for Garcia to inform the State Bar of "the circumstances surrounding the confession of judgment for investigation of the conduct of all counsel involved in the obtaining, granting and entering of the confession of judgment . . . ."

## DISCUSSION

■ Section 473 permits the trial court to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. A motion seeking relief under section 473 is addressed to the sound discretion of the trial court; its decision will not be overturned on appeal absent a clear showing of abuse of discretion. (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339]; *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].) "That discretion, however, ' "is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' " (*Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898 [187 Cal.Rptr. 592, 654 P.2d 775].) A judgment may also be set aside if it was procured by extrinsic fraud. (*Isbell*

v. *County of Sonoma* (1978) 21 Cal.3d 61, 72 [145 Cal.Rptr. 368, 577 P.2d 188].)

The trial court, in setting aside the judgment, stated: "The point is the confession of judgment was improperly entered. It was entered deceptively, and it is going to be set aside. I am not getting into anything beyond that. I am setting it aside and I am referring this matter to the state bar to investigate the conduct of counsel in having that document entered. [¶] I think it was a fraud on the court and I think it was a fraud on the other parties. . . ." Rivercourt contends that the trial court erred in setting aside the judgment because it owed no duty to notify Garcia that it was filing a confession of judgment. This argument lacks merit.

Whether or not Rivercourt had a duty to notify Garcia that it was entering Dyna-Tel's confession of judgment is not the issue. The trial court's decision to set aside the judgment can be sustained on appeal " 'if any applicable ground will sustain the trial court's order . . . .' " (*Philippine Export & Foreign Loan Guarantee Corp.* v. *Chuidian* (1990) 218 Cal.App.3d 1058, 1076 [267 Cal.Rptr. 457]; *In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273, 284 [180 Cal.Rptr. 234].) Under section 1132, subdivision (b), a confession of judgment may be entered "only if an attorney *independently representing the defendant* signs a certificate that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to utilize the confession of judgment procedure." (Italics added.)

Here, there was ample basis to conclude, as did the trial court, that the confession of judgment was fraudulently entered. The record demonstrates that Chernik acted as counsel for both Hejmadi and Dyna-Tel. Chernik, in his capacity as Hejmadi's counsel in the Garcia v. Hejmadi action, received the tentative decision, that indicated that Dyna-Tel was owned by Garcia, one day prior to executing the confession of judgment. In executing the attorney declaration in support of the confession of judgment, Chernik stated that he represented Dyna-Tel and that he had "examined the proposed judgment and [had] advised Dyna-Tel Inc. with respect to the waiver of rights and defenses under the confession of judgment procedure . . . ." He made this declaration although he acknowledged the following day in a document filed with the court in the Garcia v. Hejmadi action that Dyna-Tel was represented by Dennis A. Babbits.[3] Chernik indeed represented Hejmadi in the case of Garcia v. Hejmadi, *supra*, No. 938708, while Dyna-Tel was

---

[3]Chernik, in requesting an extension of time in which to respond to the tentative decision, informed the court that Dyna-Tel was represented by Babbits.

represented by Babbits, and Chernik apparently continued to represent Hejmadi individually. Given his representation of Hejmadi in the Garcia v. Hejmadi action, Chernik should have been aware that there was a conflict of interest in his representation of Dyna-Tel in the confession of judgment proceeding, if in fact he was ever retained by a principal of Dyna-Tel. (*Tsakos Shipping & Trading, S.A.* v. *Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 96 [15 Cal.Rptr.2d 585] [attorney's simultaneous representation of clients with different interests presents classic situation of conflict].) At the very least, the tentative decision would have placed Chernik on notice that his representation of Dyna-Tel was in question inasmuch as it stated that Garcia was the owner of Dyna-Tel and that Garcia was entitled to the funds in the registry.

The Legislature, in enacting section 1132, providing for independent counsel for a defendant prior to filing a confession of judgment, "was not content merely to require advisement by counsel but to require that that advice was free of any possible bias. The statutory provision for 'independent' counsel was . . . a necessity to prevent even an inadvertent bias and also, for the protection of the potential judgment [debtor], to prevent later litigation over the quality and quantity of the advice on which the potential judgment [debtor] relied." (*Wax* v. *Infante* (1982) 138 Cal.App.3d 138, 140 [187 Cal.Rptr. 686].) Given the facts here, the declaration executed by Chernik did not satisfy the statutory requirements because Chernik was not independently representing Dyna-Tel. The trial court therefore properly set aside the judgment because there was no valid waiver of rights pursuant to section 1132, subdivision (b).

Pursuant to rule 26(e) of the California Rules of Court, Garcia requests that we impose sanctions against Rivercourt for the filing of a frivolous appeal. Although we conclude that the appeal lacks merit, we decline to impose sanctions.

The order setting aside the judgment of confession is affirmed. Garcia to recover his costs on this appeal.

Anderson, P. J., and Poché, J., concurred.