[No. C024294. Third Dist. Nov. 26, 1997.]

ANDREW E. EFSTRATIS, Plaintiff and Appellant, v.
FIRST NORTHERN BANK OF DIXON, Defendant and Respondent.

## COUNSEL

Bronson, Bronson & McKinnon, William H. G. Norman and Kymberly E. Speer for Plaintiff and Appellant.

Hansen, Boyd, Culhane & Watson, Hartley T. Hansen, Lawrence R. Watson and Thomas L. Riodan for Defendant and Respondent.

## OPINION

**DAVIS, Acting P. J.**—Plaintiff Andrew E. Efstratis[1] appeals from an order of the trial court denying his motion for a preliminary injunction. He had sought to restrain defendant First Northern Bank of Dixon from taking any action to enter and enforce a confessed judgment he had executed. We shall reverse with directions.

### BACKGROUND

In their briefs, the parties provide the full factual context of their relationship, most of which we need not recount. All that is pertinent for our

---

[1]Although plaintiff Lank Development Corporation (whose sole shareholder is plaintiff Efstratis) purported to join in the notice of appeal, there is no showing it is in any respect an aggrieved party. We thus dismiss the corporation's purported appeal for want of standing (Code Civ. Proc., § 902 [undesignated section references will be to this code]; *Hensley* v. *Hensley* (1987) 190 Cal.App.3d 895 [235 Cal.Rptr. 684]), and adjust the caption accordingly.

purposes on appeal is the execution by plaintiff Efstratis of a confession of judgment (§§ 1132-1134) in connection with obtaining an unsecured $500,000 line of credit from the defendant.[2]

According to a declaration submitted by defendant in opposition to the motion, plaintiff Efstratis attended a meeting to sign loan documents without the corporation's attorney (see fn.1, *ante*) who had accompanied him during previous negotiating sessions. Plaintiff Efstratis signed the confession of judgment. Defendant's representative allowed the execution of the other documents to proceed, but reminded the plaintiff it was necessary to include an attorney declaration with the confession of judgment. (§ 1132, subd. (b).)[3]

Thereafter, defendant repeatedly requested that plaintiff Efstratis provide an attorney declaration. Plaintiff responded that his corporation had fired the attorney who had been present during negotiations. In response to defendant's ultimatum to declare plaintiff in default of the loan agreement, plaintiff—a licensed attorney—signed the attorney declaration himself and sent it to defendant in May 1995. It recited:

"I, ANDREW E. EFSTRATIS, Esquire, declare:

"I am an attorney at law, duly admitted to practice before all the courts of the State of California and acting in propria persona herein for Defendant Andrew E. Efstratis, the party confessing judgment in the above-entitled matter.

"I further declare that I have examined the accompanying Confession of Judgment and the proposed Judgment, and with full knowledge and understanding of the waiver of rights and defenses being granted under the Confession of Judgment Procedure do hereby agree to [use] the Confession of Judgment procedure." He included a cover letter asserting he had never been a practicing attorney and had not received advice from any other attorney regarding the consequences of executing the declaration.

In March 1996, plaintiffs Efstratis and Lank Development Corporation brought the multicount complaint against defendant that underlies the

---

[2]Curiously, the confession of judgment itself is not part of the record on appeal. As it is ultimately not material to our resolution, we reject the suggestion by the defendant that we affirm the order for want of an adequate record. (Cf. *Ballard* v. *Uribe* (1986) 41 Cal.3d 564, 574-575 [224 Cal.Rptr. 664, 715 P.2d 624].)

[3]The statute provides, "A judgment by confession shall be entered only if an attorney independently representing the defendant signs a certificate that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to [use] the confession of judgment procedure. The certificate shall be filed with the filing of the statement required by Section 1133." (§ 1132, subd. (b).)

present motion. ▄▄ ▄▄ As is pertinent for our purposes, in the "TWELFTH CAUSE OF ACTION" plaintiff Efstratis sought an injunction preventing the defendant from entering and enforcing the confession of judgment.[4] In the "THIRTEENTH CAUSE OF ACTION," plaintiff Efstratis sought a declaratory judgment that the confession of judgment was invalid because it did not authorize the entry of judgment for a specific sum and was not accompanied by the declaration of an attorney independent of both plaintiff Efstratis and the defendant.

Plaintiff Efstratis filed his motion for a preliminary injunction in May 1996. He again asserted the grounds of the failure to include a specific sum for the judgment and the invalidity of the judgment debtor himself executing the required attorney declaration.[5]

The superior court denied the motion. Its written order stated, "Plaintiff has not shown the probable likelihood that the Confession of Judgment is invalid . . . . The lack of a specific sum does not invalidate the judgment as the line of credit was limited to a specific sum and that is sufficient. Los Angeles Adjustment Bureau, Inc. v. Noonan (1960) 181 CA 2d Supp 834 . . . ." It did not address the contention regarding the absence of a certificate from an independent attorney.

## DISCUSSION

██ Ordinarily, a party challenging the superior court's ruling on a motion for a preliminary injunction must demonstrate an abuse of discretion in evaluating the interrelated factors of the plaintiff's likelihood of success and the magnitude of interim harm to the plaintiff if the preliminary injunction is denied. (*Bullock* v. *City and County of San Francisco* (1990) 221 Cal.App.3d 1072, 1094 [271 Cal.Rptr. 44].) However, where the superior court (as here) limits its ruling to only one of these factors, it is that ground which must conclusively support the order. (*Buhl* v. *Hannigan* (1993) 16 Cal.App.4th 1612, 1618 [20 Cal.Rptr.2d 740].) Where the "likelihood of prevailing on the merits" factor depends upon a question of law rather than upon evidence to be introduced at a subsequent full trial, the standard of

---

[4] A party properly may seek to enjoin the enforcement of a final judgment. (*In re Marriage of Van Hook* (1983) 147 Cal.App.3d 970, 987 [195 Cal.Rptr. 541].)

[5] The only evidence in the record regarding the terms of the confessed judgment itself appear in the defendant's opposition to the motion, which quotes the following passage: "ANDREW E. EFSTRATIS . . . does irrevocably and unconditionally confess judgment in the above-entitled cause in favor of FIRST NORTHERN BANK OF DIXON . . . in the principal sum of $500,000 or so much as may be outstanding on loan number 1817230, and does further hereby authorize entry of judgment against Defendant, in that or any lesser principal sum, together with interest, and all costs, including, but not limited to attorney's fees . . . ." (Final ellipsis added.)

review is not abuse of discretion but whether the superior court correctly interpreted and applied statutory law, which we review de novo. (*Bullock, supra,* 221 Cal.App.3d at p. 1095; *California Assn. of Dispensing Opticians v. Pearle Vision Center, Inc.* (1983) 143 Cal.App.3d 419, 426 [191 Cal.Rptr. 762].)

Whether plaintiff Efstratis is likely to obtain a declaration that the confession of judgment is invalid and a permanent injunction against its use depends on whether the attorney declaration—executed by plaintiff Efstratis himself—satisfies the statutory requirement of a declaration by "an attorney independently representing the defendant" (§ 1132, subd. (b)) and does not depend on any evidence that might be introduced at the ultimate trial on the merits. We thus consider this issue de novo.

Generally, a court cannot render judgment against a defendant without according the due process rights of notice and an opportunity to be heard, unless the defendant voluntarily, knowingly, and intelligently waives these rights. (*Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61, 64 [145 Cal.Rptr. 368, 577 P.2d 188].) A confession of judgment is in effect a private admission to liability for a debt without trial, upon which a court places its imprimatur when submitted to the clerk for entry. (*Id.* at p. 66.) It is a creditor's remedy which has not found widespread use in this state. (*Id.* at p. 74; *Barnes* v. *Hilton* (1953) 118 Cal.App.2d 108, 111 [257 P.2d 98].) In light of its inconsistency with due process, the confessed judgment is considered an extreme procedure (*Wax* v. *Infante* (1982) 138 Cal.App.3d 138, 140 [187 Cal.Rptr. 686]), and courts construe the authorizing statutes strictly. (*Barnes, supra,* 118 Cal.App.2d at p. 111.)

*Isbell* held that executing a confessed judgment is not itself the equivalent of a knowing, voluntary, and intelligent waiver of the debtor's due process rights. (21 Cal.3d at pp. 69-70.) Because a confessed judgment is entered by the clerk, who has no authority to review it for a constitutionally valid waiver (*id.* at pp. 68, 71), the statutory procedure did not result in a constitutional judgment because it did not make provision for the inclusion of an express due process waiver on the face of the judgment. (*Id.* at pp. 68, 70-71.)[6] The court noted that in the context of consumer transactions, the Legislature in 1975 had added the requirement of a declaration from an "independent" attorney attesting to advising the debtor of the rights waived by the confessed-judgment procedure and the wisdom of employing it; the court described this requirement as being "*impelled* by predicates of due

---

[6]*Isbell* also specifically held that the availability of postjudgment relief cannot validate an infirm confessed judgment (21 Cal.3d at pp. 65, 72), thus the present defendant's suggestions to the contrary are unavailing.

process of law." (*Id.* at p. 70, italics added.) The Legislature, for whom a wink is as good as a nod, promptly broadened the scope of the attorney certificate to apply to *all* confessed judgments.

There has been little case law in the intervening 20 years interpreting this requirement of "independent" advisement. In *Wax* v. *Infante, supra,* 138 Cal.App.3d 138, the court held that it precluded an attorney who had jointly represented both the creditor and the debtor from providing the certificate, even where the debtor acknowledged the potential conflict, because the Legislature wished to avoid even "unconscious" bias on the part of the attorney. (138 Cal.App.3d at p. 140.) *Rivercourt Co., Ltd.* v. *Dyna-Tel, Inc.* (1996) 41 Cal.App.4th 1477 [49 Cal.Rptr.2d 279] presented the even more egregious situation of an attorney who had represented the president of a corporation in an action against its principal, and who then purported to provide the declaration for the corporation (with the connivance of its president) in a confession of judgment in favor of another corporation in which the president had an interest. (*Id.* at pp. 1479-1480.) Under those circumstances the attorney could not provide independent advice to the corporation. (*Id.* at p. 1482.)

Before the Legislature's extension of the certificate requirement to all confessed judgments, the Attorney General issued a lengthy opinion regarding the meaning of the requirement that counsel be "independent" of the parties. (59 Ops.Cal.Atty.Gen. 432 (1976) [cited with approval in *Isbell* v. *County of Sonoma, supra,* 21 Cal.3d at p. 71].) The opinion concluded that a certificate signed by a consumer debtor in propria persona would not satisfy the statutory requirement. (59 Ops.Cal.Atty.Gen., *supra,* at p. 438.) The opinion drew this conclusion from several premises. Because the Legislature was presumed to be aware of the right to represent oneself, "independent" necessarily meant advice to the debtor from another person. (*Id.* at p. 435.) Otherwise, it would lead to the unreasonable result of negating the entire purpose of requiring third party advice: ensuring that the waiver of due process is voluntary, fully understood, and intelligently made. (*Id.* at pp. 437-438.) While it is true a layperson may be able to act effectively as an advocate, the "other critical role of an attorney" is counseling a client on the legal wisdom of a proposed course of action. (*Id.* at p. 438.) The Legislature also meant to protect debtors from overreaching by creditors, realizing that the requirement of a certification by an advocate acting in the best interests of the debtor would effectively prohibit use of the remedy where a debtor could not or would not retain an attorney. (*Id.* at p. 435.) Therefore, contrary to the defendant's argument, the "independence" requirement is aimed not only at eliminating potential bias in the advice to the debtor, but at encouraging the likelihood a debtor receives advice on the prudence of a confessed judgment.

In light of this authority, the present confessed judgment is invalid. The declaration did not demonstrate the receipt of advice from an independent counselor on the wisdom of acceding to a confessed judgment in the plaintiff's circumstances. On its face, therefore, the confessed judgment does not reflect a knowing, voluntary, and intelligent waiver of due process rights.

Defendant asserts that requiring an attorney other than the debtor to file the declaration creates a procedure "unnecessarily redundant and inefficient," that "even the most skilled attorney practitioner in the area of secured transactions would be required to obtain the signature and 'advice' of another attorney, no matter how inexperienced." As an illustration of the supposed absurdity of adhering to the plain words of the statute, the defendant notes that the state allows laypeople to act as their own attorneys even during the penalty phase of a capital criminal proceeding.

These arguments focusing on when someone may act without advice of counsel lose sight of the fact the confessed judgment *on its face without examination of the particular facts of the case* must show a knowing, intelligent, and voluntary waiver in order for the clerk to enter it.[7] It is thus immaterial that a particular hypothetical debtor (or plaintiff Efstratis himself) might not need advice to understand the consequences of proceeding with a confession of judgment. While the Legislature might have prescribed some more narrowly tailored method for ensuring that the face of the confessed judgment manifests the knowing, voluntary, and intelligent waiver of the debtor's due process rights, it is not for the defendant or this court to second-guess the wisdom of its choice in section 1132. The statute on its face does not exclude attorneys as a class from its protection, and we are not about to engraft such an exception by judicial fiat.

Defendant's invocation of "public policy" is unavailing. Defendant in essence claims it was deceived by plaintiff Efstratis, being tricked into accepting an invalid declaration, and our holding allowing the plaintiff to disavow the confessed judgment will imperil "many" transactions where attorneys have warranted the validity of their propria persona documents. It was defendant's own choice to accept the declaration in the present case as satisfying the statutory requirement for advice from an "independent" attorney, and to allow the plaintiff to draw on the line of credit (rather than restricting access to the line of credit until the plaintiff obtained a proper

---

[7]Thus, defendant's penalty-phase analogy is flawed. There is a *judicial determination* of the specific defendant's knowing, voluntary, and intelligent waiver of the right to counsel *before* the defendant may proceed in propria persona. (*People v. Bloom* (1989) 48 Cal.3d 1194, 1224-1225 [259 Cal.Rptr. 669, 774 P.2d 698].) The posited analogy thus begs the question of what constitutes adequate proof of the waiver of the right.

declaration). There is no showing the defendant was forced to rely on the plaintiff's representations that this declaration would satisfy the statute. Nor does our holding have *any* impact outside the context of strictly construed statutes which mandate certification of advisements by independent attorneys.

Finally, the case cited in the trial court's order (*L. A. Adjustment Bureau*) is inapposite. That case involved the elements of the confession of judgment itself (§ 1133), holding that deviations from these prescribed elements could be harmless under the California Constitution if cured by admissions of the debtor defendant in proceedings to set aside the confessed judgment. (*L. A. Adjustment Bureau, Inc.* v. *Noonan* (1960) 181 Cal.App.2d Supp. 834, 836-839 [5 Cal.Rptr. 445] [as characterized by *Ataka America, Inc.* v. *Washington West Trade Corp.* (1977) 66 Cal.App.3d 419, 422 [136 Cal.Rptr. 71]].) *Isbell* precludes taking the same approach with the statutory method of certifying a valid waiver of due process rights.

### DISPOSITION

The order of the trial court is vacated and the matter remanded with directions to enter a new order granting the motion for a preliminary injunction. Plaintiff Efstratis shall recover costs of appeal.

Morrison, J., and Callahan, J., concurred.