[No. B154672. Second Dist., Div. Eight. Sept. 13, 2002.]

LOS ANGELES COUNTY ASSOCIATION OF ENVIRONMENTAL
HEALTH SPECIALISTS et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Rothner, Segall & Greenstone, Anthony R. Segall and Emma Leheny for Plaintiffs and Appellants.

Lloyd W. Pellman, County Counsel, and Lester J. Tolnai, Principal Deputy County Counsel, for Defendant and Respondent.

## OPINION

**BOLAND, J.—**

### SUMMARY

Three Los Angeles County employees and their union appeal from an order denying their application for a preliminary injunction preventing the county from requiring them to use their own vehicles in the performance of county business. The trial court properly denied the injunction, because the Charter of Los Angeles County (Charter) does not prohibit the county from requiring the use of personal vehicles as a condition of employment.

### FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County Association of Environmental Health Specialists (Union) is an employee organization representing a bargaining unit of approximately 550 employees of the State Department of Health Services. The unit's members are employed by the County of Los Angeles (County) to provide regulatory and inspection activities mandated by state and local law, including the inspection of restaurants, grocery stores, hotels and motels, and other facilities and drinking water systems throughout the county. The Union is the unit's exclusive representative, and meets and confers with the County with respect to wages, hours and working conditions of unit employees.

The Union and the County were parties to a memorandum of understanding (MOU), which established the terms and conditions of employment for the unit's employees. The MOU expired on September 30, 2000, and the Union and the County were unable successfully to negotiate a successor agreement. The parties exhausted all impasse resolution procedures. On October 1, 2001, the County notified the Union of its intention unilaterally to implement its "last, best, and final offer," as permitted by section 3505.4 of the Government Code. At its meeting on October 16, 2001, the board of supervisors approved an ordinance implementing the County's last, best, and final offer.

The terms and conditions of employment implemented on October 16, 2001, included a provision on employee benefits. The provision stated that an MOU in effect between the County and Local 660, AFL-CIO, regarding

fringe benefits, mileage and retirement, would apply.[1] The use of the fringe benefits provision in Local 660's MOU was consistent with the County's regular practice of negotiating fringe benefits separately with two large groups of unions—Local 660 and the coalition of County unions—rather than with individual bargaining units. Article 31 of Local 660's MOU contained mileage reimbursement rates and other benefits associated with driving personal vehicles, and granted the department head "the right to determine which employees are required to provide a private vehicle to carry out County services."

On October 16, 2001, approximately 155 County employees represented by the Union refused to use their personal vehicles to conduct County business. The County ordered the employees to use their personal vehicles, and employees who failed to comply were suspended from work for the day.

The following day, the Union, together with three of its members, filed this action. The Union sought a temporary restraining order, a preliminary injunction, and a permanent injunction to restrain the County from ordering or otherwise influencing Union members to use their personal vehicles for County business, and from taking any disciplinary action based on any employee's refusal to use his or her personal vehicle. The Union also sought a declaration that the required use of personal vehicles was unlawful under Government Code section 3506 and Charter section 53. Government Code section 3506 prohibits intimidation and discrimination against public employees who participate in union activities. Section 53 of the Charter requires that a County employee who is compelled to travel in performance of his duty be "reimbursed for his actual necessary expenditures for transportation . . . ." The court denied the Union's application for a temporary restraining order, but issued an order to show cause why a preliminary injunction should not issue and set the matter for hearing on November 8, 2001.

In support of its application for injunctive relief, the Union cited *California Assn. of Professional Employees v. County of Los Angeles* (1977) 74 Cal.App.3d 38 [141 Cal.Rptr. 290], for the proposition that section 53 of the Charter means the County cannot compel an employee to use his or her own vehicle on County business. In that case, the association contended the County's method of per-mile compensation did not constitute reimbursement of "actual necessary expenditures." In rejecting the claim, the court observed that an employee compelled to travel "may elect to use [his or her own

---

[1]The MOU between the Union and the County that expired September 2000 contained a similar provision.

vehicle] or to travel by public conveyance." (74 Cal.App.3d at p. 45.) The Union also cited two trial court decisions in 1981 and 1994 as support for its position.[2]

In opposition, the County submitted a declaration stating that for the past 30 years, employees in the environmental health division have been advised it was a condition of employment to use their personal vehicles to carry out inspection activities. A County declaration also stated that management's inability to require employees to use their personal vehicles would result in a 33 to 50 percent reduction in inspections, a significant impact on public health, and a significant economic impact from either increasing the workforce or requiring the purchase of additional County vehicles.

The trial court denied the Union's request for a preliminary injunction. The court concluded that (a) the Charter did not prohibit the County from requiring employees to use their personal vehicles, (b) the statement in *California Assn. of Professional Employees v. County of Los Angeles, supra,* 74 Cal.App.3d 38, that employees may decline to use their own vehicles was dicta, was unnecessary to the court's holding, and was not based on any authority, and (c) the County's requirement that employees use their own vehicles did not constitute the unilateral implementation of an MOU prohibited by Government Code section 3505.4.[3]

This appeal followed.

DISCUSSION

 The Union argues, that under the Charter, as interpreted in *California Assn. of Professional Employees v. County of Los Angeles, supra,* 74

---

[2]In 1981, Local 660 sued the County to obtain a declaration that County employees were free to decline to use their personal vehicles for County business. The trial court concluded the court's decision in *California Assn. of Professional Employees v. County of Los Angeles, supra,* 74 Cal.App.3d 38 was based in part on the conclusion the employees consented to provide their own transportation and were at liberty to decline to continue doing so. However, the court concluded the employees consented to use their own vehicles under an MOU then in effect, and were required to continue to do so until the expiration of existing labor agreements, at which time they would be no longer required to do so. In 1994, employees represented by the Union engaged in a concerted refusal to use their personal vehicles and were disciplined. The Union obtained a temporary restraining order enjoining the discipline. The trial court denied the Union's application for a preliminary injunction, because the Union and the County had not yet exhausted mandatory impasse resolution procedures, and the terms and conditions of the expired MOU therefore remained in effect.

[3]Section 3505.4 of the Government Code allows a public agency, after impasse procedures are exhausted, to "implement its last, best, and final offer," but states the agency "shall not implement a memorandum of understanding."

Cal.App.3d 38, the County must obtain employee consent before requiring the use of personal vehicles for County business. The Union also argues that the County cannot unilaterally require the use of personal vehicles as a condition of employment under principles discussed in *Litton Financial Printing Div. v. NLRB* (1991) 501 U.S. 190 [111 S.Ct. 2215, 115 L.Ed.2d 177]. ■ ■■ We reject both contentions.[4]

### 1. *The Charter does not prohibit the County from requiring use of personal vehicles as a condition of employment.*

■ We agree with the trial court that the Charter does not prohibit the County from requiring employees to use their personal vehicles on County business. The Charter provides that when a County employee is compelled to travel in the performance of his or her duty, the employee "shall, in addition to his regular compensation, be reimbursed for his actual necessary expenditures for transportation, the hire of conveyances, and for lodging and meals." The Charter therefore does not preclude the County requiring the use of a personal vehicle as a condition of employment. It merely requires employees compelled to travel to receive reimbursement for "actual necessary expenditures." Indeed, the Union conceded as much at oral argument.

Nonetheless, the Union argues that *California Assn. of Professional Employees v. County of Los Angeles, supra,* 74 Cal.App.3d 38, which rejected a challenge to the reimbursement rate, was premised on the right of County employees to decline to use their personal vehicles. If this court determines the County may require use of personal vehicles without consent, the Union asserts it should have the right to challenge the adequacy of the rate in court, and such challenge should be reviewed without judicial deference to the legislative decision establishing the rate. Otherwise, the Charter requirement for reimbursement of actual expenditures is meaningless. These arguments do not assist the Union.

First, the decision in *California Assn. of Professional Employees* did not depend upon the proposition that County employees could refuse to use their personal cars. That observation was merely one of a multiplicity of factors

---

[4]Ordinarily, we examine a trial court's denial of a preliminary injunction for abuse of discretion in evaluating the interrelated factors of the plaintiff's likelihood of success on the merits and the magnitude of interim harm to the plaintiff and the defendant. (*Efstratis v. First Northern Bank* (1997) 59 Cal.App.4th 667, 671 [69 Cal.Rptr.2d 445].) However, since the trial court grounded its decision solely on the merits of the Union's claim, which in this case depends only on a question of law, we consider the issue de novo. (*Id.* at pp. 671-672.)

described to support the court's conclusion that it should not substitute its judgment for a rational decision by the legislative body.[5]

Second, we will not consider on appeal remedies the Union did not seek from the trial court. The Union did not challenge below the reimbursement rate as inadequate. Instead it sought a declaration that the required use of personal vehicles was unlawful under the Government Code and the Charter. Those are the only points presented to us on this record.

Third, the Union's assertion that the principle of judicial deference stated in *California Assn. of Professional Employees* renders the Charter requirement for reimbursement of actual expenditures "meaningless" is unavailing. The case merely stands for the well-established proposition that, in a challenge to the reimbursement rate, the court will decline to substitute its opinion "for an informed decision knowledgeably made within the ambit of a rational discretion exercised by a legislative body on a subject definitely within its legal authority." (*California Assn. of Professional Employees v. County of Los Angeles, supra,* 74 Cal.App.3d at p. 45.) In short, the Union would be required to demonstrate that the mileage rate established by the board or its method of selection was arbitrary or contrary to the Charter. This judicial deference to a legislative judgment does not render the Charter requirement "meaningless," nor does it mean the Union is precluded from challenging a rate that is arbitrary or contrary to law.

In sum, we perceive no basis under the Charter to prohibit the County from requiring the use of a personal vehicle as a condition of employment.

---

[5]The Court of Appeal reversed the trial court's judgment and rejected the contention that the County's method of per-mile compensation did not constitute reimbursement of "actual necessary expenditures." (*California Assn. of Professional Employees v. County of Los Angeles, supra,* 74 Cal.App.3d at pp. 40, 43.) The court concluded the County's decision was neither arbitrary nor unfair. It pointed out that (1) the act of the board of supervisors implementing the Charter provision was a legislative action, (2) the board has discretion to judge the facts constituting the basis for its ordinances, and (3) the courts do not interfere with decisions made in the exercise of that discretion, in the absence of fraudulent or arbitrary action. (*Id.* at p. 43.) The court cited a 1973 study concluding that the cost of driving a standard car on a per-mile basis was within the then applicable mileage rate, which was higher than that of other agencies, all of which used a mileage rate formula. (*Id.* at pp. 43-44.) The court also cited a 1975 study, as well as numerous other factors varying with each employee that could affect whether the employee is fairly compensated (*id.* at pp. 44-45), and concluded that the fixing of a fair price "rests not alone on mathematics." (*Id.* at p. 45.) In addition, the court made the observations the Union relies on, including that "there is nothing in the record to show that County may compel an employee to own a conveyance which the employee is then required to use for travel on county business." (*Ibid.*)

## 2. *Consent to use of personal vehicles is not required under Litton Financial Printing Div. v. NLRB.*

The Union acknowledges the County's right to implement its "last, best, and final offer," but points out the Union has not agreed to the terms of the offer. The Union argues the obligation to use personal vehicles is contractual in nature and may not be unilaterally imposed by the County. For this contention the Union cites *Litton Financial Printing Div. v. NLRB, supra*, 501 U.S. 190. The Union is mistaken.

In *Litton*, the Supreme Court discussed the principle that an employer cannot, after expiration of a collective bargaining agreement and without bargaining to impasse, effect a unilateral change of an existing term or condition of employment. (*Litton Financial Printing Div. v. NLRB, supra*, 501 U.S. at p. 198 [111 S.Ct. at p. 2221].) Most terms and conditions of employment are subject to this prohibition on unilateral changes, which derives from the statutory requirement to bargain in good faith. (*Id.* at p. 203 [111 S.Ct. at pp. 2223-2224].) However, the court identified three exceptions to the prohibition on unilateral changes. The exceptions are union security and dues checkoff provisions, no-strike clauses, and arbitration clauses. (*Id.* at pp. 199-200 [111 S.Ct. at p. 2222].) These provisions do not continue in effect during bargaining without the consent of both parties. In each case, the basis for requiring consent of both employer and union to the continuation of the provision after the expiration of the collective bargaining agreement is statutory. For example, no-strike clauses are excluded from the unilateral change doctrine because employees have a statutory right to strike.[6] (*Litton*, at p. 199 [111 S.Ct. at pp. 2221-2222].)

No statutory basis exists for the Union's asserted right not to use personal vehicles on County business. Accordingly, there is no reason to include that asserted right among the conditions of employment identified in *Litton* that require the consent of both parties. In short, nothing distinguishes the mileage provision, and management's right to determine which employees are required to use their own vehicles, from any other term or condition of employment. After impasse was reached, the County had the right to

---

[6]Similarly, union security and dues checkoff provisions require consent of both parties because statutory provisions permit such obligations only when specified by the express terms of a collective bargaining agreement. (*Litton Financial Printing Div. v. NLRB, supra*, 501 U.S. at p. 199 [111 S.Ct. at pp. 2221-2222].) And arbitration clauses require consent because of the "strong statutory principle . . . of consensual rather than compulsory arbitration." (*Id.* at p. 200 [111 S.Ct. at p. 2222].)

implement those provisions, just as it had the right to implement the other provisions of its last, best and final offer.[7]

## DISPOSITION

The order denying the Union's application for a preliminary injunction is affirmed. The County is to recover its costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

---

[7]The Union also argues that discipline against employees who refuse to use their personal vehicles is unlawful under section 3506 of the Government Code, which forbids discrimination against public employees who participate in union activities. The Union cites *Campbell Municipal Employees Assn. v. City of Campbell* (1982) 131 Cal.App.3d 416 [182 Cal.Rptr. 461], in which the court concluded the city violated the statute. In that case the city withheld a degree of retroactivity in wage and fringe benefit increases to association members that was granted to all other employees, thus effectively punishing the association and its members for utilizing impasse procedures protected by the statute. (*Id.* at p. 424.) No basis exists for a discrimination claim in this case, as the Union has not shown that any other employees or groups were treated differently, or that the asserted right to decline to use personal vehicles is protected by statute.